## GOLDBERG v. COMMISSIONER OF INTERNAL REVENUE.

Court of Appeals of District of Columbia. Submitted October 15, 1929. Decided December 2, 1929.

No. 4821.

Levi Cooke and A. E. James, both of Washington, D. C., for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen., and C. M. Charest, L. W. Scott, Sewall Key, Donald V. Hunter, and Millar E. McGilchrist, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal from the United States Board of Tax Appeals involves the right of appellant to a deduction of net loss suffered in 1923 from his taxable income for the year 1924.

It appears from the facts found by the Board that appellant, a resident and citizen of New York, was for many years prior to 1923 engaged in business as a wholesale and retail liquor dealer. He continued this business until 1922, after which he ceased purchasing liquors, but continued through 1923 to dispose of liquors on hand. From his sales in 1923, he sustained a loss of $2,408.65.

In 1915 appellant organized a New York corporation to engage in the business of buying, selling, and renting real estate. From 1915 to 1923 he was president, treasurer, and sole stockholder of this corporation. During this period appellant in some instances entered into real estate contracts in his own name and transferred them later to the corporation. In 1920 he purchased a house and lot in his own name in New Jersey, which he sold in 1923 and on which he sustained a net loss of $16,709.74. During the year 1923 appellant's net income amounted to $11,119.-72. Allowing for his loss sustained from his liquor business and from the real estate transaction, amounting to $19,118.39, his losses exceeded his income in the sum of $7,998.67.

The Commissioner determined that appellant's net income for the year 1924 was $20,-025, from which appellant sought a deduction of the net loss sustained in 1923 of $7,-998.67. The Board held that he was entitled to a deduction of $2,408.65, the net loss sustained in 1923 in the operation of his liquor business; but that he was not entitled to any deduction resulting from loss sustained by the sale of the house and lot, since it was a single isolated business venture and consequently not a loss "resulting from the operation of any trade or business regularly carried on" by him, within the meaning of section 204(a) of the Revenue Act of 1921, 42 Stat. 227, 231. This section defines "net loss" as meaning "only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer."

It appears that the purchase and sale of the house and lot in New Jersey was the only individual real estate transaction which appellant had conducted since the organization of the New York corporation. His regular business of buying and selling real estate was carried on through the corporation and not in his individual capacity. The question at once arises, therefore, whether he may deduct this loss, sustained in an individual transaction, from profits resulting in income from the operation of the corporation.

While it is true that this was a one-man corporation, of which appellant owned the entire stock, it nevertheless was a separate and distinct corporate entity, and the business transacted in the name of the corporation was not the business of appellant but the business of the corporation, and as such entirely separate and distinct from the private affairs of appellant. The New Jersey house and lot purchase and sale was a private individual transaction in no way connected with the corporation. It did not even represent a method adopted by appellant in transacting the business of the corporation. While real estate was in some instances purchased in the name of the appellant individually, it was in each instance, excepting in this one, conveyed to the corporation, and ultimately became a corporate transaction. It thus appears that the real estate business regularly carried on by the appellant was conducted through the corporation and not individually. It follows that the loss sustained in this individual transaction was not a loss occurring in appellant's regular trade or business, but a loss sustained in a private transaction.

We are of opinion that appellant is not entitled to this deduction in view of the proper interpretation to be placed on section 204(a).

The decision of the Board of Tax Appeals is affirmed, with costs.