## CLARK v. BURNET, Commissioner of Internal Revenue.

### No. 5386.

Court of Appeals of the District of Columbia.
Argued March 10, 1932.
Decided April 11, 1932.

Wm. S. Hammers, of Washington, D. C., for appellant.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, Frank M. Thompson, and S. Dee Hanson, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decision of the Board of Tax Appeals denying certain deductions claimed by taxpayer under section 204 (a) of the Revenue Act of 1921 (42 Stat. 231) as net losses resulting from the operation during the taxable year of a trade or business regularly carried on by taxpayer.

The record discloses that since 1888 appellant was engaged in the business of dredging and supervising dredging operations off the coast of Florida and elsewhere. From 1899 he was associated with the Bowers Southern Dredging Company, hereinafter called the Bowers Company. He was its majority stockholder, its active directing head, and devoted all of his time to its operation.

In addition to his association with the Bowers Company, appellant in 1921 and 1922 was a member of the partnerships of D. M. Picton & Co., Port Arthur, Tex. the Florida Dredging Company, Miami, Fla., and Megathlin & Clark, Miami, Fla. Megathlin & Clark and the Florida Dredging Company were engaged in the dredging business and D. M. Picton & Co. was engaged in river and harbor work and jetty building. Appellant took an active advisory interest in these partnerships whose work was mostly in connection with the work of the Bowers Company. In 1921 and 1922 appellant also owned stock in a number of corporations which he held as investments.

At the beginning of the war in 1917 the Bowers Company had many contracts to complete, and began to experience financial difficulties. This finally resulted in its business being placed in the hands of a creditors' committee under which it was operated in 1921. During this time appellant served as managing operator of the company for the creditors. The company was unable to borrow money from banks without the individual indorsement of appellant; therefore, in order to protect his investment in the company, appellant at various times became indorser upon notes of the company. In 1921, as a result of such indorsements, appellant was forced to pay the sum of $68,000 for the company. This amount he took as a deduction for losses in his 1921 income tax return, and it was allowed by the Commissioner.

In his return for 1921 appellant also reported a loss of $9,500 incurred by him in a sale of the Bowers Company stock. The loss was allowed by the Commissioner in the final audit of the return.

In 1922, appellant, being desirous of having some one with financial strength as-

1032

sociated with the business of the Bowers Company, sold 1,000 shares of the stock owned by him in the company, which he had purchased at a cost of $100,000, to George H. Nolan for $7,500. In his return for 1922 appellant accordingly took a deduction for the loss thus sustained in the amount of $92,500, which represented the difference between the cost and selling price of the stock. In the final audit of the return this loss was allowed by the Commissioner.

However, appellant's income for the years 1921 and 1922, respectively, was not sufficient to absorb the net losses thus suffered by appellant in those years, but left a net loss of $17,768.51 in 1921 and $4,985.18 in 1922, and appellant claimed the right to deduct these sums from his income tax returns in the succeeding years, as net "business losses" coming within the provisions of section 204, supra. This claim was disallowed by the Commissioner, and his decision was affirmed by the Board of Tax Appeals. 19 B. T. A. 859.

Section 204, supra, reads in part as follows:

"(a) That as used in this section the term 'net loss' means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer. * * *

"(b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year. * * * "

It may be observed that no question is made in this case as to the amounts, dates, or actual circumstances of appellant's losses, and that the sole issue is whether they are within the purview of the foregoing statute.

The Board of Tax Appeals placed its decision upon the ground that the losses resulting from appellant's indorsement of the company's notes, as well as those resulting from the sale of company stock, did not result from the operation of any trade or business regularly carried on by appellant, but only from "isolated or occasional transactions." We do not agree with this conclusion.

It appears that during the times in question appellant was engaged in regularly carrying on the business of dredging, operated by a corporation of which appellant was principal owner and active directing head, and to which he devoted all of his time and energies. Appellant accordingly was necessarily concerned with the financial conditions and difficulties which beset the business, and he was compelled by circumstances to indorse the company's notes in order to supply it with necessary operating funds. This action was not isolated or occasional, but became part of the operation of the business, and helped to carry it on. It is true that appellant did not regularly carry on a business of indorsing notes for profit, but his indorsement of the company's notes was part of the business regularly carried on for the company. It is also true that appellant was not regularly engaged in the business of selling corporate stocks, but the transactions of that character appearing in the record cannot be separated from the regular course of business of which they were part, and must not be considered as if wholly independent transactions.

The decision of the Board in the present case, moreover, does not seem consistent with its decisions in similar cases of more recent date.

In the case of E. D. Anthony, 20 B. T. A. 5, the taxpayer was engaged in the retail shoe business, first as a member of a partnership, then as stockholder of a corporation which took over the business. The business suffered reverses, and taxpayer sold preferred stock to friends, loaned stock to be used as collateral for the company's loans, and paid $20,000 upon its indebtedness. The corporation was afterwards liquidated and taxpayer in 1923 sustained a heavy loss on the stock he owned in it. The Board held that this loss was deductible as a net business loss in computing taxpayer's net income for 1924.

In Glenn M. Averill, 20 B. T. A. 1196, 1199, the Board, referring to similar losses, said: "On the other hand, upon the sale of such stock or bonds or upon the failure or liquidation of the corporation the stockholder or bondholder may sustain an operating loss. This is entirely different from the operating loss of the corporation, and must rest upon the ground that investments in such stocks or bonds is a part of, or incident to, the operation of a trade or business regularly carried on by the taxpayer. It is obvious that an individual may suffer a 'net loss' within the

meaning of the statute upon the failure of a corporation or a sale or other disposition of his interest therein."

In Heller v. Commissioner, 25 B. T. A. 259, the petitioners were stockholders in and managed and operated the business of several corporations engaged in retailing ladies' ready-to-wear clothing; and the Board held that a loss resulting from the sale of stock in one of such corporations was a loss sustained in carrying on a business and the amount thereof should be included in computing a "net loss" under section 206 (a) (1) of the Revenue Act of 1926, 26 USCA § 937 (a) (1).

In Washburn v. Commissioner of Internal Revenue (C. C. A.) 51 F.(2d) 949, 950, it was held: "Where attorney organized and invested in corporation, and devoted most of his time to management thereof, loss sustained on sale of stock in corporation was loss occurring in 'business' regularly carried on and deductible from income of next succeeding year (Revenue Act 1921, § 204 (a) and (b)."

The Commissioner cites among others the case of Goldberg v. Commissioner, 59 App. D. C. 147, 36 F.(2d) 551, where the taxpayer sustained losses in an individual real estate transaction, which he later transferred to his real estate corporation; also Pabst v. Lucas, 59 App. D. C. 154, 36 F.(2d) 614, where the taxpayer sustained losses in investments wholly foreign to his regular business. In both cases deductions claimed under section 204, supra, were rightly disallowed. These decisions, however, do not serve as authority here. The Commissioner cites also Anderson v. United States (C. C. A.) 48 F.(2d) 201, wherein such a deduction was disallowed to a taxpayer who is said to have been "interested" in certain business enterprises without finding, however, that the business had been regularly carried on by him. The decision as reported is not inconsistent with our conclusion in the present case. Other authorities cited by the Commissioner have been examined by us, but they do not require specific mention here.

Upon the grounds stated, we reverse the decision of the Board of Tax Appeals, and the case is remanded for further action not inconsistent with this opinion.