**COXE v. HANDY, Collector of Internal Revenue.**

**No. l.**

District Court, D. Delaware.

June 14, 1938.

Aaron Finger (of Richards, Layton & Finger), of Wilmington, Del., for plaintiff.

John J. Morris, Jr., U. S. Atty., of Wilmington, Del., and Lester L. Gibson, Sp. Asst. to Atty. Gen., for defendant.

James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe, Sp. Asst. to Atty. Gen., for the United States.

NIELDS, District Judge.

Assumpsit to recover $16,960.89 additional income tax for the year 1929, with

interest, alleged to have been illegally assessed and collected from plaintiff on September 3, 1932. Plaintiff paid the amount under protest September 15, 1932. This action was brought January 16, 1933. The parties have waived a jury.

## Facts.

February 1, 1924, plaintiff caused "Bellevue, Inc.", to be incorporated under the laws of Delaware with an authorized capital stock of 20,000 shares of preferred stock with par value of $100 and 1,000 shares of common stock of no par value. The corporation issued 10,007 shares of preferred stock to plaintiff in payment for stocks, bonds and a residence costing plaintiff in the aggregate $1,000,-000. Thereupon plaintiff gave her husband 1507 shares of preferred stock and placed in trust for each of her two daughters 750 shares of preferred stock. Plaintiff retained for herself 7,000 shares of preferred stock. At the same time, plaintiff and her husband each purchased for cash 500 shares of the common stock having the voting rights at a dollar per share.

In December, 1925, the total outstanding shares of preferred stock, i. e. 10,007 shares, were reduced by cancelling 1,680 preferred shares owned by plaintiff and 500 preferred shares owned by her husband. Thereupon the residence was transferred into the joint names of the plaintiff and her husband. In July, 1927, the husband died and bequeathed to plaintiff 1007 shares of preferred stock remaining in his name and the 500 shares of common stock purchased by him.

July 1, 1929, plaintiff dissolved Bellevue, Inc., and liquidated its affairs. Upon the dissolution of Bellevue, Inc., its assets were distributed in kind to its stockholders. Certain securities were transferred to Wilmington Trust Company, trustee for Georgiana Coxe, as owner of 750 shares of preferred stock. Certain securities were transferred to Wilmington Trust Company, trustee for Helen Baer Coxe, II, owner of 750 shares of preferred stock. The remaining assets were transferred to plaintiff as owner of 6327 shares of preferred stock of Bellevue, Inc., and all the shares of its common stock.

Between 1924 and 1929 Bellevue, Inc., made sales and transfers of property from time to time and carried on the business for which it was incorporated including the investment and reinvestment of its funds. Throughout the period of its existence Bellevue, Inc. annually filed income tax returns and paid the tax reported due thereon. Plaintiff as president of the company received an annual salary in addition to dividends upon the preferred stock held by her. This income was reported annually by plaintiff in her individual returns of income.

March 11, 1930, plaintiff filed with defendant her income tax return for the calendar year 1929 showing a tax of $801.19 and paid the same. Upon an audit and review of plaintiff's return for 1929, the Commissioner of Internal Revenue determined that an additional tax of $14,-772.71 was due from plaintiff for that year. September 3, 1932, the Commissioner assessed an additional tax of $14,772.71 with interest thereon of $2,188.18. September 15, 1932, plaintiff paid this sum of $16,-960.89 to defendant under protest. The additional assessment resulted from additions made by the Commissioner growing out of the dissolution of Bellevue, Inc., and the distribution of the assets of that corporation after dissolution.

The Commissioner determined that a taxable gain was realized by plaintiff as the result of the dissolution and distribution of the corporate assets. September 15, 1932, plaintiff filed with the Commissioner a claim for refund of the sum of $16,960.89. January 10, 1933, the Commissioner disallowed plaintiff's claim for refund.

By stipulation of the parties it is "agreed that if any taxable gain to the plaintiff resulted from said dissolution of Bellevue, Inc., and distribution of its assets, the amount of additional tax assessed, as aforesaid, was correctly computed; and that if there was no taxable gain to the plaintiff by reason of said dissolution and distribution of assets, the plaintiff is entitled to a refund of said sum of $16,960.89, with interest thereon from September 15, 1932".

## Law.

In seeking recovery plaintiff relies upon two propositions:

(1) The facts of the case at bar afford a proper case for disregarding the corporate entity of "Bellevue, Inc." In other words, upon the dissolution of Bellevue, Inc., there was no taxable gain incident to the payment of the capital stock for the contents of the portfolio of the company, because, says plaintiff, Bellevue, Inc., and plaintiff are regarded as one and the same person.

(2) The Revenue Act of 1928, sec. 112 (b) (5), 26 U.S.C.A. § 112(b) (5), makes the transfer or sale in this case nontaxable. No taxable gain should be recognized as the distribution of the assets of Bellevue, Inc., upon dissolution constitutes a mere reversal of the situation affording exemption from taxation found in section 112 (b) (5).

Proposition (1) rests wholly upon the authority of two district court cases. Hinkel v. Motter, 39 F.2d 159, and Law v. McLaughlin, 2 F.Supp. 601. The only reason suggested for the proposition is contained in the latter case where the court says (page 603): "Plaintiff contends that the transfer of the property to the corporation and the return of it to plaintiff on dissolution of the corporation were but shadowy transactions which did not affect the real nature of plaintiff's ownership, and that a case is presented where the corporate fiction should be disregarded."

An offer of settlement was accepted while the Hinkel Case was pending on appeal. The McLaughlin Case was decided upon demurrer in the district court. Afterwards the question of valuation was compromised and the case was settled. The reason for decision stated in the McLaughlin Case is unsound. The cases are without weight.

■ As to (2), plaintiff's argument proceeds in this fashion. Section 112 (b) (5) is the section controlling the transfer of property to the corporation, where the transferor is in control of the corporation, and expressly exempts the property from taxes. The case at bar is the transfer of property from the corporation to the dominant stockholder upon dissolution. There being no tax under section 112 (b) (5) where the property is expressly exempted, there should be no tax, says plaintiff, on the reverse of the transaction. This argument ignores the universally accepted rule that to come within an exemption from taxation you must come within its express terms. A transfer "from" is not a transfer "to".

■ It is a general rule that corporate form can not be used as a cloak for fraud. Where it is so used, the corporate entity should be disregarded. Yet as a general rule for tax purposes a corporation is an entity distinct from its stockholders. Dalton v. Bowers, 287 U.S. 404, 53 S.Ct. 205, 77 L.Ed. 389; Burnet v. Clark, 287 U.S. 410, 53 S.Ct. 207, 77 L.Ed. 397.

Here, for reasons of her own plaintiff organized a family holding company and dominated its affairs. After the death of her husband she dissolved the corporation. Upon paying back the entire holdings of capital stock she distributed, in kind, a portion of the company's assets to the trustee for her daughters, retaining the balance of the company's assets for herself. The commissioner assessed an additional income tax upon the gain in the market value of what plaintiff received over the cost thereof to the company.

We are dealing with distributions in liquidation provided for in section 115(c) of the Revenue Act of 1928, 26 U.S.C.A. § 115(c). (See footnote[1] giving pertinent sections). The amounts of the assets of Bellevue, Inc., distributed to plaintiff and to

---

[1] "§ 115. Distributions by corporations
* * *

"(c) Distributions in liquidations. Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock * * *. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112.

"§ 111. Determination of amount of gain or loss. * * *

"(c) Amount realized.—The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property, (other than money) received. * * *

"(d) Recognition of gain or loss.—In the case of a sale or exchange, the extent to which the gain or loss determined under this section shall be recognized for the purposes of this title, shall be determined under the provisions of section 112.

"§ 112. Recognition of gain or loss

"(a) General rule. Upon the sale or exchange of property the entire amount of the gain or loss determined under section 111, shall be recognized, except as hereinafter provided in this section.

"(b) Exchanges solely in kind—

"(1) Property held for productive use or investment. No gain or loss shall be recognized * * *.

"(2) Stock for stock of same corporation. No gain or loss shall be recognized * * *.

"(3) Stock for stock on reorganization. No gain or loss shall be recognized * * *.

"(4) Same—Gain of corporation. No gain or loss shall be recognized * * *.

the trustee for her daughters were distributed in complete liquidation of the company and were treated as in full payment in exchange for the capital stock, both preferred and common, received by the company. The gain to the distributee resulting from the exchange was determined by the Commissioner under section 111 (c) and (d) and was based upon the fair market value of the property received by the distributees. Moreover, the Commissioner recognized the entire amount of the gain as provided in section 112 (a). Incidentally, the Commissioner found that the distribution of assets upon the dissolution of Bellevue, Inc. was not exempt from taxation as provided in section 112 (b) (1) (2) (3) (4) or (5).

The gain to plaintiff, the controlling stockholder, resulting from the distribution of the assets of Bellevue, Inc., upon dissolution, is clearly subject to the tax imposed by the Commissioner under the Revenue Act of 1928. Authority can add nothing to the plain language of the statute. However, the government's position is supported by Wessel v. United States, 8 Cir., 49 F.2d 137; Burnet v. Riggs Nat. Bank, 4 Cir., 57 F.2d 980; Menihan v. Commissioner of Internal Revenue, 2 Cir., 79 F.2d 304; Wagner v. Lucas, 59 App.D.C. 219, 38 F.2d 391; Goldberg v. Commissioner of Internal Revenue, 59 App.D.C. 147, 36 F.2d 551.

Judgment must be entered for defendant with costs.

"(5) Transfer to corporation controlled by transferor. No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; * * *." 26 U.S.C.A. §§ 115(c), 111(c, d), 112(a, b).