# F. VITELLI & SON *v.* UNITED STATES.

## CERTIORARI TO THE UNITED STATES COURT OF CUSTOMS APPEALS.

Nos. 67, 68. Argued April 24, 1919.—Decided June 9, 1919.

The Act of June 22, 1874, 18 Stat. 190, § 21, provides that whenever duties have been liquidated and paid and the goods delivered, the entry and settlement shall, after one year from the time of entry, in the absence of fraud and of protest by the owner, etc., be final and conclusive upon all parties. *Held*, that the purpose was to limit the right to reliquidate, in the interest of the citizen and the security of commercial transactions; and where the collector reliquidates on the ground of fraud, it cannot be presumed that his action was correct so as to cast the onus of disproving fraud upon the importer. P. 357.

The fact that the importer, instead of awaiting suit by the United States, becomes the actor by paying under protest and appealing to the Board of General Appraisers, does not require him to assume the burden of disproving the fraud. P. 358.

The Court of Customs Appeals having erroneously assumed, in sustaining a reliquidation based on fraud, that the collector's action was presumptively correct, and cast the burden of disproving fraud upon the importers, *held* that the case must be remanded to be tried anew by the Board of General Appraisers, without inquiry by this court into the adequacy of the evidence of fraud in the present record. P. 359.

7 Cust. App. Rep. 243, reversed.

THE case is stated in the opinion. For the decisions of the Board of General Appraisers, see G. A. 7418; 24 T. D. 75; and Abstracts Nos. 36340, 36544, 27 T. D. 162, 213.

Mr. *Albert M. Yuzzolino* for petitioner.

Mr. *Assistant Attorney General Hanson* for the United States.

Mr. Chief Justice White delivered the opinion of the court.

The petitioners, Vitelli & Son, during the years 1905-6-7, made entry at the port of New York of nineteen different lots of dutiable merchandise, that is, chestnuts and garlic, and these entries were liquidated and the duties paid. About five years after the last of these payments the collector of the port of New York, declaring that evidence had been produced to his satisfaction showing that fourteen of the nineteen entries referred to were fraudulent because of the incorrect weights upon which they were based, canceled the previous liquidations relating to them and directed a reliquidation to be made on the basis of the corrected weights. Vitelli & Son, denying the existence of fraud and disputing the power to make the reliquidation, protested against the claim of duty which resulted from the reliquidation and, paying the same under protest, prosecuted an appeal to the Board of General Appraisers.

Before the board the collector made no affirmative proof of the commission of fraud, and submitted the validity of the reliquidation upon the basis of the official papers pertaining to it, that is, the certificates of weight, etc., upon which he had acted. The petitioners, not taking upon themselves the burden of showing that there was an absence of fraud, stood upon their protest as to the want of power to make the reliquidation. The board sustained the protest. It held that as, under the conditions disclosed, the existence of power in the collector to make the reliquidation after one year depended upon the fact of fraud, the burden was upon the collector to establish that which was necessary to sustain his authority to act, and having failed to do so the reliquidation was erroneous and the protest was well founded. Appeal was prosecuted to the Court of Customs Appeals, where the action of the board was reversed. 5 Cust. App.

Rep. 151. The court held that although it was true that, as applied to the case before it, the existence of fraud was essential to confer upon the collector the power which he had exerted, as he had exercised the authority, the presumption of the correctness of official action was sufficient, without proof of fraud to sustain the reliquidation. In reaching this conclusion it was expressly decided that, in view of the presumption of power indulged in, the effect of § 21 of the Act of 1874 was to cast upon the importer the burden of establishing a negative, that is, that there had been no fraud. The case was remanded for reconsideration to the Board of General Appraisers.

While the protest concerning the fourteen entries was pending, the collector had, for like alleged fraud, ordered a reliquidation of the remaining five of the nineteen entries, and by protest and payment of duties the action of the collector as to those entries was before the Board of General Appraisers for consideration. They were heard by the board along with the entries which the board had under consideration by virtue of the remanding order of the Court of Customs Appeals. The board held, in view of the ruling of the Court of Customs Appeals as to the presumption of power and burden of proof, that the reliquidation in both cases was valid and that the protests were consequently without merit. Both cases were then appealed to the Court of Customs Appeals, which in an elaborate opinion reiterated and applied its previous ruling (7 Cust. App. Rep. 243), and the cases are here on the allowance of a certiorari.

Obviously the whole case turns upon the significance of § 21 of the Act of 1874, the text of which is as follows (18 Stat. 186, 190):

"That whenever any goods, wares, and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares, and merchandise shall have been liquidated and paid, and

such goods, wares, and merchandise shall have been
delivered to the owner, importer, agent, or consignee,
such entry and passage free of duty and such settlement
of duties shall, after the expiration of one year from the
time of entry, in the absence of fraud and in the absence
of protest by the owner, importer, agent, or consignee,
be final and conclusive upon all parties."

Indisputable also is it, as stated by the Court of Cus-
toms Appeals and long previously pointed out in *United
States* v. *Phelps*, 17 Blatchf. 312, that the remedy intended
to be accomplished by the section in question was to pre-
vent the right to reliquidate, which had previously been
exerted without limit, from being exercised except in
the particular conditions stated, and thus in the interest
of the citizen to circumscribe the power to the instances
specified in order that uncertainty as to the finality of
customs entries might be removed and the security of
commercial transactions be safeguarded. But from this
premise we are of opinion that the error of the construc-
tion given to the statute below becomes at once appar-
ent, since, in the first place, by a presumption of power
it virtually removes the limitation as to the exercise of the
power which the statute created; and further, as the
necessary result of the onus of proof which the construc-
tion sustained, the remedial purposes of the statute were
either wholly negatived or in any event greatly perverted.

It is indeed true that in the opinion on the first hearing
below and in the argument at bar a suggestion was made
that, as in the particular instance the importer had be-
come an actor seeking to question the reliquidation, he
thereby, as an actor, assumed the burden of proof as to
the absence of fraud which would not have rested upon
him under the statute had he refused to pay the duty
resulting from the reliquidation and awaited action taken
against him by the United States to enforce it. But as the
court below expressly declared that the proceeding taken

was appropriate to resist the result of the reliquidation, if illegal, it cannot be that the right to correct the wrong was lost by resort to the remedy appropriate for its correction.

Moreover the proposition can alone rest upon the assumption that the limitation on power which the statute imposed was ephemeral while from the text it is certain that it was permanent and controlling. The cogency of this conclusion stands out in bold relief when it is considered that the remedial purpose of the statute was to protect the citizen from the unlimited power to reliquidate and the uncertainties affecting commercial transactions resulting from the existence of such power. The inevitable result of the argument is to cast upon the citizen the perpetual burden of showing that he had not been guilty of wrong as the only means of escaping the exercise against him of the unlimited power to reliquidate which it was the purpose of the statute to prevent.

It is contended that although it be admitted that the statute was wrongly construed below, nevertheless the reliquidation should be now sustained because there was adequate proof in the record to show the existence of fraud which justified the reliquidation order without reference to the presumption upon which the court below based its conclusion. We do not, however, think this view can be sustained, since the erroneous ruling as to the statute dominates the entire situation and exacts that the question of the existence of the fraud necessary to give rise to the power to reliquidate should be disposed of by the tribunals peculiarly competent to consider such question, disembarrassed from any mistaken construction as to the presumption created by the statute.

It follows that the judgment of the Court of Customs Appeals must be and it is reversed and the cases remanded to the Board of General Appraisers for further proceedings not inconsistent with this opinion.

*And it is so ordered*