[Civ. No. 18334. Second Dist., Div. Three. Nov. 14, 1951.]

FRANK MARCHICA, Appellant, v. STATE BOARD OF EQUALIZATION, Respondent.

502

James L. Wood for Appellant.

Edmund G. Brown, Attorney General, James E. Sabine and Edward Sumner, Deputy Attorneys General, for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal entered pursuant to an order granting a motion for nonsuit in an action for refund of sales taxes, interest, and penalties.

Plaintiff, a retailer, filed sales tax returns when due with defendant for each taxable period from February 1, 1937, to June 30, 1947, and paid the amounts shown by the returns when due.

December 20, 1947, defendant, pursuant to sections 6481-6487 of the Revenue and Taxation Code, determined a deficiency and mailed to plaintiff a notice of the deficiency determination that additional taxes were due for each taxable period from February 1, 1937, to June 30, 1947, in the total sum of $3223.96, plus interest and a penalty of 25 per cent due to fraud. (Rev. & Tax. Code, § 6485.)

Plaintiff filed a petition for redetermination. (Rev. & Tax. Code, §§ 6561, 6562.) A hearing was held on June 16, 1948. Defendant ordered that the tax and penalty be redetermined without change, and on June 23, 1948, issued and mailed to plaintiff a notice of deficiency redetermination to that effect, adding interest. Plaintiff, on June 26, 1948, under protest, paid $5,183.70, the total amount of taxes, interest, and penalty, as redetermined.

Within the time required by law, plaintiff filed a claim for refund which was denied. (Rev. & Tax. Code, §§ 6902, 6906.) He then instituted this action.

The complaint alleged, and the answer denied, that ''No part of the deficiency determined by defendant was due to fraud, or to intentional disregard of, or intent to evade the Sales and Use Tax Law, or its amendments, or rules and regulations thereunder.'' The complaint also alleged ''The exact amount of any understatement in taxes originally due for said period [February 1, 1937, to September 30, 1944] cannot now be precisely determined for the reason that com-

plete records are not available. Upon information and belief plaintiff alleges that any understatement of taxes originally due for said period did not exceed one-third of said asserted deficiency of $2,437.19."

On the trial it was stipulated that returns were filed for the period February 1, 1937, to June 30, 1947, and that the amounts shown thereon, which were less than the amount of the deficiency, were paid; that the claim for refund was filed within the statutory period; that the action was commenced within the statutory period; and that the amounts sought to be recovered were correctly computed. Plaintiff introduced in evidence the notice of determination, the notice of redetermination, and rested. Defendant then moved for a nonsuit, its counsel stating, in response to a question by the court, that if the motion was denied defendant would rest. The motion was granted.

The detail of the total shown in the claim for refund and sought to be recovered is as follows:

|  | Feb. 1, 1937 to Sept. 30, 1944 | Oct. 1, 1944 to June 30, 1947 | Total |
|---|---|---|---|
| Sales tax | $2,437.19 | — 0 — | $2,437.19 |
| Interest to June 30, 1948 | 1,051.63 | — 0 — | 1,051.63 |
| 25% fraud penalty | 609.30 | $196.69 | 805.99 |
|  | $4,098.12 | $196.69 | $4,294.81 |

Plaintiff distinguishes, as we must, between the taxable periods prior to October 1, 1944, and those subsequent thereto; this because a deficiency determination for the periods subsequent to October 1, 1944, was within the authority of the board to make. The board did not have authority to determine a deficiency for the preceding periods unless there was fraud or intent to evade. (Rev. & Tax. Code, § 6487.) The determination of fraud for the periods subsequent to October 1, 1944, goes only to the imposition of the penalty. The like finding in the previous years goes to imposition of the tax, the interest, and the penalty.

Plaintiff says he is entitled to recover the taxes, interest, and penalties for the taxable period from February 1, 1937, to September 30, 1944, because the determination was made, admittedly, after liability for the taxes had been barred by the statute of limitations (Rev. & Tax. Code, § 6487), and that he is entitled to recover the penalty determined for the period from October 1, 1944, to June 30, 1947, because defendant did not prove fraud. Defendant replies that the statute of

limitations does not apply where there has been fraud, that this determination for all periods was made because of fraud and, therefore, it was legally made. Plaintiff replies that he has denied the fraud, that fraud is never presumed and that, therefore, the burden was on the board to prove it, and that it has done nothing to carry this burden. The defendant says that the assessment is presumed valid. Defendant further says that plaintiff may not recover because he admitted in the complaint "upon information and belief" that any understatement of taxes originally due for the period from February 1, 1937, to September 30, 1944, "did not exceed one-third of said asserted deficiency of $2,437.19."

Section 6485 of the Revenue and Taxation Code provides: "If any part of the deficiency for which a deficiency determination is made is due to fraud or an intent to evade this part or authorized rules and regulations, a penalty of 25 per cent of the amount of the determination shall be added thereto." Section 6487, in pertinent part, provides: "Except in the case of fraud, intent to evade this part or authorized rules and regulations, failure to make a return, or claim for additional amount pursuant to Section 6563, every notice of a deficiency determination shall be mailed within three years after the last day of the calendar month following the quarterly period for which the amount is proposed to be determined or within three years after the return is filed, whichever period expires the later."

In an action by the board to collect a delinquent sales tax the certificate of delinquency is prima facie evidence of the determination of the tax or the amount of the tax, of the delinquency of the amounts set forth, and of compliance by the board with all provisions of the sales tax law in relation to the computation and determination of the amounts. (Rev. & Tax. Code, § 6714; *People* v. *Mahoney*, 13 Cal.2d 729, 736 [91 P.2d 1092]; *People* v. *Schwartz*, 31 Cal.2d 59, 63 [187 P.2d 12].) "However, when the action is brought by the taxpayer for the recovery of sales tax paid under protest, the use of the certificate of delinquency as a defense to the action is not authorized." (*Maganini* v. *Quinn*, 99 Cal.App. 2d 1, 8 [221 P.2d 241]; *cf. Rathjen Bros., Inc.* v. *Collins*, 50 Cal.App.2d 765, 772, 773 [123 P.2d 925].)

Plaintiff relies on *Vitelli & Son* v. *United States* (1919), 250 U.S. 355 [39 S.Ct. 544, 63 L.Ed. 1028], *Budd* v. *Commissioner of Internal Revenue* (1930), 3 Cir., 43 F.2d 509, *Duffin* v. *Lucas* (1932), 6 Cir., 55 F.2d 786, and *Hood* v. *Allen* (U.S.

Dist.Ct.Ga., 1941, not reported in F.Supp.), 29 AFTR 1375.

In *Vitelli & Son* v. *United States* (1919), *supra*, 250 U.S. 355 [39 S.Ct. 544, 63 L.Ed. 1028], the plaintiffs, in 1905-6-7, had paid duties on imports. The statute provided that when duties on imports shall have been paid, "such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud . . . be final and conclusive upon all parties." It will be observed that the statute was substantially the same as section 6487 of the Revenue and Taxation Code except that the limitations prescribed by section 6487 is three years. About five years after the last of these payments the collector, claiming fraud, redetermined (reliquidated) the duties. Vitelli denied fraud, paid the increased duties under protest, and appealed to the Board of General Appraisers. The collector made no proof of fraud before the board, and Vitelli made no proof of absence of fraud. The board held that as the existence of power in the collector to establish the redetermination after one year depended on the fact of fraud, the burden was on the collector to prove fraud, and having failed to do so the redetermination was erroneous and the protest well founded. On appeal the Court of Customs Appeals reversed the board, holding that the presumption of the correctness of official action was sufficient without proof of fraud to sustain the redetermination. In reversing the Court of Customs Appeals and affirming the holding of the Board of General Appraisers, the Supreme Court of the United States, said (63 L.Ed. 1029-30) that merely because the importer himself sought to resist the reliquidation in a proper proceeding therefor he did not thereby assume the burden of proof as to the absence of fraud; that the "remedial purpose of the statute was to protect the citizen from the unlimited power to reliquidate, and the uncertainties affecting commercial transactions resulting from the existence of such power," and to prevent casting upon "the citizen the perpetual burden of showing that he had not been guilty of wrong, as the only means of escaping the exercise against him of the unlimited power to reliquidate which it was the purpose of the statute to prevent."

Prior to 1928 there was no federal statute with respect to the burden of proof as to fraud in suits for refund. In 1928 the Revenue Act of 1924 was amended to provide: "In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Commissioner." (26 U.S.C.A. § 1112.)

*Budd* v. *Commissioner of Internal Revenue, supra,* 3 Cir. (1930), 43 F.2d 509, was a proceeding to review an order of the Board of Tax Appeals, made prior to the amendment of the statute, redetermining income taxes for 1921. The commissioner did not offer any evidence before the board, contending that the burden of proving the absence of fraud was on the taxpayer. The Circuit Court of Appeals held, page 512: "In plain terms the position of the Commissioner is that Mr. Budd and Mr. Read are guilty of an attempt to commit a deliberate fraud. It is a general principle that fraud is never to be presumed, and he who avers it, takes upon himself the burden of proving it. [Citations.] The determination of the Commissioner being presumptively correct, in appealing from the additional assessment, Mr. Budd was required to prove a sale, transfer of title, a valuable consideration, and the other positive elements upon which he relied. This he did, and this must stand unless the sale was a pretense and a fraud. That it was is in substance what the Commissioner charges. It is necessary for him to bear the burden of establishing this by clear proof, [citations] unless the well-established rule of law generally applicable is different in tax cases, and the Commissioner says it is. The Commissioner made no attempt to prove fraud, but relied upon Mr. Budd to negative the charge of fraud. But fraud cannot be inferred by the court or jury from acts, legal in themselves and consistent with an honest purpose." The court noted that the Revenue Act of 1924 had been amended in 1928 (after the order under review) and continued, page 513: "This is simply declaratory of what the law was. The burden was, therefore, on the Commissioner to bear the burden of proving his charge of fraud that the sale was not bona fide."

*Jemison* v. *Commissioner of Internal Revenue* (1930), 5 Cir., 45 F.2d 4, involved a deficiency assessment and a penalty for fraud levied prior to the 1928 amendment to the Revenue Act of 1924. The tax was on gain realized by stockholders from distribution of assets in liquidation of a corporation. The statute of limitations barred the assessment and the penalty unless the return was fraudulent. The court said, page 5: "The assets of the corporation were transferred to the partnership at book value. It is not shown what profit the petitioner derived over the cost of his stock, but in that respect the determination of the Commissioner must be presumed to be prima facie correct. However, the presumption does not extend to his determination that the taxpayer was guilty of fraud in filing his

returns. Fraud is not to be presumed, but must be determined from clear and convincing evidence, considering all the facts and circumstances of the case. *Vitelli & Son* v. *U. S.*, 250 U.S. 355, 39 S.Ct. 544, 63 L.Ed. 1028.''

*Griffiths* v. *Commissioner of Internal Revenue* (1931), 7 Cir., 50 F.2d 782, also involved a deficiency assessment for income taxes and a penalty for filing a fraudulent return made before the 1928 amendment to the Revenue Act of 1924. The petitioner contended the statute of limitations had run against any assessment. The court held that the burden of proving fraud was on the commissioner and that ''the presumption of Commissioner's correctness does not extend to his determination that fraud existed.'' *Marshall* v. *Commissioner of Internal Revenue* (1932), 6 Cir., 57 F.2d 633, 634, which apparently also involved a deficiency assessment made prior to the 1928 amendment to the Revenue Act of 1924, is to the same effect.

*Duffin* v. *Lucas* (1932), *supra*, 6 Cir., 55 F.2d 786, also had to do with the law prior to the 1928 amendment to the Revenue Act of 1924. It was an action by a taxpayer against the Collector of Internal Revenue to recover payments of income taxes and penalties. The penalties were imposed by the commissioner for alleged fraud with intent to evade tax. The statute authorized a 50 per cent penalty in such a case. The court held, page 798 : ''It may well be doubted whether power can rightly be conferred upon an administrative officer to find a citizen guilty of a felony (which a fraudulent return is) [in the present case a misdemeanor. Rev. & Tax. Code, § 7151.] and punish him therefor;[1] but, assuming that this power exists, what is the status of its exercise when under judicial review? In appropriate cases there is a presumption that the commissioner's action was rightful; but it is a fundamental rule of judicial procedure that fraud cannot be lightly inferred but must be established by clear and convincing proof. It may well be that the right to due process would be infringed by a rule of procedure which abolished this fundamental principle and authorized a finding of fraud—at least, if involving a felony—to be based on that minimum called 'any substantial evidence.' Certainly, as we think, in a suit to recover back such a penalty, the general presumption that the commissioner was right has no evidential effect of itself sufficient to support

---

''[1]The penalty is imposed without notice or hearing, excepting as upon an abatement or refund claim the taxpayer may present his complaint as to this matter about which the commissioner has already made up his mind.''

a judgment affirming the penalty, its effect being procedural only; . . .''

*Hood* v. *Allen, supra* (U.S.Dist.Ct.Ga. 1941), 29 AFTR 1375, was an action to recover a deficiency of income tax and a penalty imposed for alleged fraud. The deficiency and penalty had been assessed after the statute of limitations had run. The collector contended that fraud in the return prevented the bar of the statute from attaching. The court said, page 1376 : ''The general burden of proof is on the plaintiff. He makes a *prima facie* case by showing the tax was assessed and collected after the statute of limitation had run. Then, the burden is on the defendant to show fraud in the return to avoid the bar of the statute. If the plaintiff contended that the tax, even if not barred, was otherwise illegally assessed, he would face the presumption that the Commissioner's finding was correct and would have the burden of overcoming that presumption and proving the illegality. However, it being admitted in this case that the tax was assessed after it was barred and the only issue being fraud in the return, the burden on that issue was on defendant.'' Other cases applying the 1928 amendment and holding that the burden of proving fraud is on the commissioner will be found in the margin.[2]

The Sales Tax Act prevents the retention of a tax paid after it is barred by the statute of limitations in the absence of fraud or an intent to evade. The existence of fraud or an intent to evade was essential to confer upon the board the power which it exerted. In the present case the deficiency assessment and the penalties were predicated on fraud. ■ The fraud meant by the statute is actual, intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owed. (*Guaranty Trust Co.* v. *United States* (1942), D.C.Wash., 44 F.Supp. 417, 422, and cases there cited.) The only evidence in this case is the failure to file correct returns. ■ The burden of proving fraud is not sustained by merely establishing a deficiency. (*Cohen* v. *Commissioner of Internal Revenue,* 10 Cir., 176 F.2d 394, 401.) ■ The failure to file a correct return does not necessarily constitute fraud. (*Davis* v. *Commissioner of Internal Revenue,* 10 Cir., 184 F.2d 86, 87.) ■ The mere omission from a tax return

[2]*Mitchell* v. *Commissioner of Internal Revenue* (1941), 5 Cir., 118 F.2d 308, 309; *Cohen* v. *Commissioner of Internal Revenue* (1949), 10 Cir., 176 F.2d 394, 401; *Bronson* v. *Commissioner of Internal Revenue* (1950), 2 Cir., 183 F.2d 529, 534; *Davis* v. *Commissioner of Internal Revenue* (1950), 10 Cir., 184 F.2d 86; *Guaranty Trust Co.* v. *United States* (1942), D.C. Wash., 44 F.Supp. 417, 422.

of items which should have been included does not show a fraudulent intent. (*Delone* v. *Commissioner of Internal Revenue,* 3 Cir., 100 F.2d 507, 510.) If returns are filed a deficiency necessarily arises from an understatement in the returns. An understatement may have resulted from ignorance, bad advice, honest mistake, negligence, or misinterpretation of law; none of which in itself would constitute fraud.

Fraud is odious. ▮ It is never presumed, but must be established by proof. The presumption always is in favor of good faith, innocence, honesty and fair dealing, except, perhaps, where confidential relations are involved. This presumption has been held to approximate in strength that of innocence of crime. (*Hedden* v. *Waldeck,* 9 Cal.2d 631, 636 [72 P.2d 114].) It is to be noted that any person who renders a false or fraudulent return is guilty of a misdemeanor. (Rev. & Tax. Code, § 7151.) ▮ One asserting fraud, except, perhaps, where confidential relations are involved, has the burden of proving it. (*Estate of Ross,* 199 Cal. 641, 651 [250 P. 676].)

There were two questions before the board: (1) whether the returns duly reflected the sales subject to taxation; and, (2) whether they were due to fraud or intent to evade. ▮ In a suit for refund the action of the board in assessing a deficiency is presumed to be correct as to the amount of the tax and interest, and the taxpayer has the burden of overcoming the presumption. ▮ On the other hand, in such a suit the presumption is against fraud and the burden of proving fraud is on the board if the deficiency was assessed after the statute of limitations had run.

The board relies on *Pacific Fruit Express Co.* v. *McColgan,* 67 Cal.App.2d 93 [153 P.2d 607], and *Van Antwerp* v. *United States,* 9 Cir., 92 F.2d 871. Neither case is in point. The Pacific Fruit case was an action to recover franchise taxes claimed to have been wrongfully exacted. In the course of the opinion the court said, page 96: "[S]ince a suit to refund taxes is in the nature of an action in assumpsit, the taxpayer may recover only if it be shown that more taxes have been exacted than in equity and good conscience should have been paid. (*Stone* v. *White,* 301 U.S. 532 [57 S.Ct. 851, 81 L.Ed. 1265]; *Lewis* v. *Reynolds,* 284 U. S. 281 [52 S.Ct. 145, 76 L.Ed. 293].)" This, of course, is the general rule. But in that case the deficiency assessment was levied before the statute of limitations had run and no question of fraud or intent to evade was involved. The Van Antwerp case was an action to re-

cover an alleged overpayment of income taxes, claimed to have been illegally exacted prior to the bar of the statute of limitations. No question of fraud or intent to evade was involved.

The board also says that *Rogers* v. *Commissioner of Internal Revenue* (1940), 6 Cir., 111 F.2d 987, and *McClure* v. *United States* (Ct.Cl. 1943), 48 F.Supp. 531, are "squarely contrary to appellant's intention [sic] that a presumption against fraud exists under the circumstances involved here." Defendant misreads these cases. The Rogers case was an appeal from a decision of the Board of Tax Appeals. The commissioner had assessed an income tax fraud penalty for the years 1932-3-4. On the hearing before the Board of Tax Appeals both sides introduced evidence on the fraud issue. The board sustained the commissioner. The Circuit Court of Appeals merely held that the question of fraud was one of fact and that there was sufficient evidence to support the finding of the board. The question of the burden of proof on the issue of fraud was not discussed. It would have been an anomaly if the court had held that the burden was on the taxpayer to prove absence of fraud when the statute at the time expressly placed "the burden of proof in respect of such issue . . . upon the Commissioner." (26 U.S.C.A. § 1112.) The McClure case was a trial by the Court of Claims. McClure had imported a large amount of distilled spirits over a period of seven years without reporting the importations or paying a tax thereon. After liability for the taxes had been barred by the statute of limitations the commissioner assessed a tax with a fraud penalty. The court, exercising the function of a trial court, merely held that the only reasonable inference to be drawn from the proven facts was that McClure did not intend to pay the taxes, but intended to defraud the government thereof. In the present case there is no evidence from which an inference of fraud can be drawn.

The argument that plaintiff may not recover because he admits in his complaint—"upon information and belief"—that any understatement of taxes originally due for the period from February 1, 1937, to September 30, 1944, "did not exceed one-third of said asserted deficiency of $2,437.19," is untenable. The argument overlooks the fact that the deficiency for that period can be sustained only if the understatement was due to fraud or an intent to evade. At the trial plaintiff did not attempt to prove that any part of the deficiency for that period or for the period from October 1, 1944, to June 30, 1947, was erroneously assessed. Assuming, as we must, that the deficiency for the entire period from February 1, 1937, to June

30, 1947, was correctly computed as to amount, there still is no proof that any understatement or underpayment was due to fraud or intent to evade. Cases holding that the statute of limitations does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded are not pertinent in view of the provisions of the Sales Tax Act which specifically authorize the recovery of "any amount alleged to have been erroneously or illegally determined or collected." (Rev. & Tax. Code, §§ 6932-6937.)

It is argued that recovery may not be had in the absence of proof that the amount of the deficiency taxes should not have been returned and paid when due. The statute providing that the notice of deficiency shall be mailed within three years (Rev. & Tax. Code, § 6487) is a statute of limitation. It bars the remedy for enforcement in the event that notice of deficiency be not mailed within that time. It bars enforcement—by assessment or collection—in the event of failure to give timely notice. (See *Mudd* v. *McColgan,* 30 Cal.2d 463, 467 [183 P.2d 10].) " '[S]tatutes of limitation are to be viewed favorably as affording to parties who may, by the lapse of time, have lost the ability to procure evidence, repose and security from stale demands.' " (*People* v. *Universal Film Exchanges, Inc.,* 34 Cal.2d 649, 659 [213 P.2d 697].) The fact that the amount of the deficiency is correct does not bar the taxpayer from raising the statute of limitations if timely notice was not given. The deficiency is barred unless there was fraud or an intent to evade. The entire tenor of the Sales Tax Act contemplates that a taxpayer may raise such defenses as he has in a suit for refund. (See *People* v. *Skinner,* 18 Cal.2d 349, 357 [115 P.2d 488, 149 A.L.R. 299].) Such a suit is his only legal remedy. The act contains no provision for appeal from an assessment to the courts. Injunction to prevent collection by the board is prohibited. (§ 6931.) If the taxpayer fails to pay when ordered to do so, he becomes delinquent and suffers an automatic 10 per cent penalty in addition to interest. (§§ 6564, 6565, 6591.) When a taxpayer becomes an alleged delinquent the board has every conceivable remedy to compel him to pay immediately. It may sue to recover the alleged delinquent amount. (§ 6177.) In such suit the certificate of delinquency is prima facie evidence of the delinquency and of compliance by the board with the act in relation to the computation and determination of the amounts. (§ 6714; *People* v. *Mahoney,* 13 Cal.2d 729 [91 P.2d

1029].) The board may, without suit, sell any security which has been deposited and apply the proceeds to the amount determined to be due. (§ 6701.) Debtors of the alleged delinquent taxpayer may be required to withhold any amounts payable to the alleged delinquent. (§ 6702.) The board, by merely filing a certificate of the amount claimed to be due, may have a judgment entered, which has the effect of a judgment lien, and may execute on that judgment and collect the claimed tax without court action. (§§ 6736-6739; *People* v. *Skinner*, 18 Cal.2d 349 [115 P.2d 488, 149 A.L.R. 299].) The board may, without court action, make an outright seizure and sale (distraint) of any realty or personalty owned by the delinquent and apply the proceeds to the amount claimed to be due. (§ 6796.) On the other hand, in a suit for refund the statute does not give any finality to the determination of the board. The board does not exercise judicial power in administering the Sales Tax Act and the act, in effect, in a suit for refund authorizes a "hearing *de novo.*" (*Standard Oil Co.* v. *State Board of Equalization*, 6 Cal.2d 557, 559, 561-2 [59 P.2d 119].)

Plaintiff proved (1) timely filing of returns for all taxable periods involved; (2) timely payment of the taxes shown on the returns; (3) that the amounts sought to be refunded consisted of (a) determination of claimed deficiency of taxes and interest for periods prior to October 1, 1944, and a fraud penalty made on December 30, 1947, more than three years after the time for making such determination had expired under section 6487, and (b) a fraud penalty determined December 30, 1947, for the period from October 1, 1944, to June 30, 1947; (4) timely payment of the determined deficiency, interest, and penalties under protest; (5) timely filing of a claim for refund. Proof of these facts aided by the presumption that the returns were made in good faith, without fraud, made a prima facie case which entitled plaintiff to recover and required the denial of the motion for nonsuit.

. Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied December 5, 1951, and respondent's petition for a hearing by the Supreme Court was denied January 10, 1952. Traynor, J., and Spence, J., voted for a hearing.