**W. J. OHLINGER and Viola Ohlinger, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 13818.**

United States Court of Appeals, Ninth Circuit.

Jan. 28, 1955.

Branch Bird, Cecil D. Hobdey, Gooding, Idaho, for appellants.

H. Brian Holland, Asst. Atty. Gen., Loring Post, Frederic G. Rita, Sp. Assts. to Atty. Gen., Washington, D. C., Sherman F. Furey, U. S. Atty., Herman J. Rossi, Asst. U. S. Atty., Boise, Idaho, for appellee.

Before DENMAN, Chief Judge, POPE, Circuit Judge, and BYRNE, District Judge.

BYRNE, District Judge.

The Ohlingers, who are husband and wife, were engaged in farming in Gooding County, Idaho. They filed an income tax return for the year 1942 reporting sales in the amount of $23,880.12 and an income tax of $151.89, which they paid. In their return for the year 1944 they reported sales in the amount of $70,-

819.46 and an income tax of $5.00, which they paid. An investigation by internal revenue agents disclosed that the amount of the Ohlingers' sales during 1942 was $40,647.54 (not $23,880.12 as reported), and the correct income tax, $1954.19 (not $151.89 as reported). The investigation also disclosed that the 1944 sales amounted to $171,105.67 (not $70,819.46 as reported), and the correct income tax for that year, $25,602.99 (not $5.00 as reported).

The Commissioner of Internal Revenue determined that the deficiency in each year was due to fraud on the part of the taxpayers and added to the deficiency 50% of said amount under the provisions of Section 293(b) of the Internal Revenue Code.[1] The Ohlingers paid the entire amount of the deficiency, ($27,400.29), plus the 50% addition ($13,700.15). They concede that the amount of the deficiency is correct but assert that the 50% penalty was improperly imposed.

An action to recover the 50% additions was filed in the District Court after a claim for refund was rejected by the Commissioner. Following trial, a judgment for the Government was entered and this appeal followed.

The appellants contend that the judgment must be set aside because it is not supported by a finding that the deficiency was due to fraud with intent to evade tax. They also complain that the trial court erroneously placed the burden of proof as to fraud on them when, as a matter of law, the burden was on the Government to establish fraud.

[1] The formal findings of fact signed and filed by the court do not include a finding of fraud. The appellee says that the court's conclusion of law [2] that the penalties assessed by the Commissioner were "wholly justified by the facts and circumstances and was entirely proper and lawful" when considered together with certain statements in the trial court's memorandum of opinion, was equivalent to a finding of fact that the taxpayers filed their 1942 and 1944 income tax returns fraudulently with intent to evade tax. We do not agree with this assertion. Assuming that such a construction could be placed upon the statements referred to, the trial court's memorandum of opinion may not be used to supplement the findings in this manner. Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein." Under the circumstances referred to in the rule, it is not necessary to file formal findings of fact and conclusions of law, but when the trial court *does make formal findings*, they alone serve as the court's findings of fact. In the words of the Supreme Court: "We are not at liberty to refer to the opinion for the purpose of eking out, controlling, or modifying the scope of the findings." [3]

It is apparent from the absence of a finding of fraud and the court's conclusion of law, "That the plaintiffs have failed to establish that the understatement of their sales in their income tax return for the calendar year 1942 (1944) was not due to fraud with intent to evade tax", that the trial judge believed that the burden rested upon the taxpayers to establish their freedom from fraud and therefore a finding of fraud was not necessary to support a judgment against them for fraud penalties.

Section 1112 of Title 26 U.S.C.A. provides, "In any proceeding involving the

---

**1.** "§ 293. Additions to the tax in case of deficiency

*    *    *    *    *

"(b) Fraud. If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612(d) (2)." 26 U.S.C. § 293.

**2.** Erroneously referred to as a finding of fact.

**3.** Stone v. U. S., 164 U.S. 380, 17 S.Ct. 71, 41 L.Ed. 477.

issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Commissioner." This section is included in a chapter of Title 26 relating to proceedings in the Tax Court and effectively disposes of the question of burden of proof where the litigation is in that court. The problem is: Does the same rule as to burden of proof prevail in the District Court?

The appellee concedes that the *prima facie* validity of the Commissioner's determination of a deficiency does not extend to his finding of fraud when the taxpayers challenge the finding in the Tax Court. But, says the appellee, if the taxpayers pay the taxes and seek to recover the alleged illegally collected monies in the District Court, the burden is cast upon them to prove a negative, i. e., freedom from fraud.

The taxpayers rely on Vitelli & Son v. United States, 250 U.S. 355, 39 S.Ct. 544, 63 L.Ed. 1028; Maroosis v. Smyth, 9 Cir., 187 F.2d 228; Budd v. C. I. R., 3 Cir., 43 F.2d 509; Jemison v. C. I. R., 5 Cir., 45 F.2d 4; Griffiths v. C. I. R., 7 Cir., 50 F.2d 782; Duffin v. Lucas, 6 Cir., 55 F.2d 786.

In Vitelli & Son, supra, the petitioners imported certain dutiable merchandise. The entries were liquidated and the duties paid. The law provided that the collection of duties on imported goods would constitute a final and conclusive determination of the amount of such duties, after the expiration of one year, in the absence of fraud. More than a year after petitioners had paid these duties the Collector of the Port of New York, asserting fraud, made a reliquidation (redetermination) as to said duties. The importer denied fraud and denied the power of the Collector to reliquidate. The increased duties were paid under protest and action brought for recovery thereof. The matter was heard by the Board of General Appraisers. The Collector made no affirmative proof of the commission of fraud and the importers did not assume the burden of proving an absence of fraud. The Board sustained the import-

ers' claims, on the theory that the burden was upon the Collector to establish fraud. The Court of Custom Appeals reversed, concluding that the presumption of correctness of official action was sufficient to sustain the reliquidation without proof of fraud. This had the effect of placing upon the importers the burden of establishing a negative, i. e., that they had not been guilty of fraud. In reversing the Court of Custom Appeals, 7 Ct.Cust. App. 243, the Supreme Court rejected the argument that the importer, by filing an action to recover the amount paid, "thereby, as an actor, assumed the burden of proof as to the absence of fraud which would not have rested upon him under the statute had he refused to pay the duty resulting from the reliquidation and awaited action taken against him by the United States to enforce it." [250 U.S. 355, 39 S.Ct. 545] The Court further stated, " * * * it cannot be that the right to correct the wrong was lost by resort to the remedy appropriate for its correction."

Budd v. C. I. R., supra, Jemison v. C. I. R., supra, Griffiths v. C. I. R., supra, and Duffin v. Lucas, supra, are all cases involving fraud penalties prior to the enactment of 26 U.S.C.A. § 1112 and at a time when there was no statute with respect to the burden of proof as to fraud in tax cases. In these cases the Third, Fifth, Sixth, and Seventh Circuits were in agreement that the presumption as to the correctness of the Commissioner's action in determining a deficiency does not extend to his finding that the taxpayer was guilty of fraud. These cases were cited with approval in Maroosis v. Smyth, 9 Cir., 187 F.2d 228, 232, which was an action for refund of floor stock taxes and involved a 50% assessment for fraud in which this court held that "the burden of proving fraud is on the Collector." Section 1112, Title 26 U.S.C.A. is a statutory declaration of what has always been the law, not only in the Tax Court, but in the District Court as well.

■■ The taxpayers alleged in their complaint that the monies they sought to recover were illegally collected from

them because no part of the deficiencies were due to fraud with intent to evade tax. One who alleges a negative, says the appellee, has the burden of proving it and therefore the burden was cast upon the taxpayers to prove a *prima facie* case that they were free from fraud. While ordinarily a plaintiff has the burden of proving all of the material allegations of his complaint, there are a number of instances where a plaintiff must allege a negative in order to state a cause of action, though he need not prove it (e. g., an action on a contract where plaintiff must allege nonpayment but need not prove it). If the *prima facie* validity of the Commissioner's determination does not extend to his finding of fraud, and we hold that it does not, the Government can prevail only if fraud is affirmatively established and the trial Court so finds.

Over timely objection, the trial court admitted in evidence a written ex parte statement of the accountant who prepared the tax returns for appellants. In this statement the accountant contradicted the otherwise uncontradicted testimony of the taxpayers that they delivered to the accountant all cancelled checks, deposit slips, bank statements and records of every kind relating to their income. The appellee does not contend that this written statement was properly admissible in evidence, but urges that the taxpayers will not be heard to complain about the admission of evidence where, as here, a ruling on the objection was reserved by the court and there was no subsequent motion to strike at the conclusion of the trial. Whether or not the appellant waived his objection by failure to make a motion to strike at the conclusion of the trial is not material to this decision, as the judgment below must be set aside for the reasons heretofore stated, viz., it is not supported by a finding that the deficiency was due to fraud with intent to evade tax.

The Government proceeded on the theory that it was not required to produce proof of fraud; that the burden of establishing freedom from fraud rested upon the taxpayers and that an affirmative finding of fraud was not necessary to support a judgment against the taxpayers. The trial court agreed. We do not believe that this misconception of the proper application of the rules of evidence should be finally determinative of the rights of the parties. If proof of fraud be available, opportunity should be given for its production and this litigation determined on its merits.[4]

The cause is remanded for a new trial. The appellee should be permitted to amend its answer, if it be so advised, to set forth the defense of fraud which it has the burden of proving if it is to prevail.

---

4. Cf. United States Smelting Refining & Mining Co. v. Lowe, 338 U.S. 954, 70 S.Ct. 493, 94 L.Ed. 588. See also Judge Pope's dissenting opinion, 9 Cir., 176 F.2d 813.