Ray R. TRAINER et ux.

v.

UNITED STATES of America.

Civ. A. No. 19076.

United States District Court
E. D. Pennsylvania.

Nov. 7, 1956.

Robert Margolis, Bethlehem, Pa., Frank J. Albus, Washington, D. C., for plaintiffs.

W. Wilson White, U. S. Atty., for Eastern District of Pennsylvania, Philadelphia, Pa., and with him Charles K. Rice, Asst. Atty. Gen., Andrew D. Sharpe, Frederick G. Rita, Attorneys, Dept. of Justice, Washington, D. C., Fred Elledge, Jr., U. S. Atty., Nashville, Tenn., for U. S.

KRAFT, District Judge.

The Commissioner of Internal Revenue assessed income tax deficiencies, penalties and interest against the plaintiffs for the years 1948, 1949 and 1950. The plaintiffs paid the amounts so assessed, filed claims for refund and, upon rejection of the latter, brought this suit to recover the total so paid. After defendant answered, plaintiffs filed the present motion that the court (1) determine preliminarily upon whom rests the burden of proof in the fraud issues raised by that part of plaintiffs' claim which seeks recovery of the 50% fraud penalties added for each year under Section 293(b) of the Internal Revenue Code of 1939, 26 U.S.C., and, (2) order the defendant to plead the fraud relied on for each year with the particularity required by Rules of Civil Procedure 8(c) and 9(b), 28 U.S.C., if the court determines that the defendant has that burden of proof.

The plaintiffs' complaint alleges that the addition and collection of the fraud penalties was illegal because the underpayments of tax, if any, were not due to fraud. Defendant's answer is a bare denial. The plaintiffs concede that the Commissioner had power to add the fraud penalties in any year in which underpayment of the tax resulted from plaintiffs' fraud, but urge that the burden is upon the Commissioner in this case to establish the fraud which enabled his exercise of that power. The defendant, admitting that the existence of fraud was essential to the Commissioner's exercise of his power, asserts that the presumption of the correctness of his official action in exercising the power is sufficient to sustain the addition of the penalties. The effect of the defendant's position is to cast upon the taxpayers the burden of establishing a negative, that is, the absence of fraud. The defendant further contends that·the plaintiffs, having alleged a negative, have the burden of proving that allegation and, so, the burden of proving a prima facie innocence of fraud.

■■ Ordinarily a plaintiff assumes the burden of proving all of the material allegations of the compaint; however, there are instances where it is essential, in order to state a cause of action, that a plaintiff aver a negative without assuming the burden of its proof. The prima facie validity of the Commissioner's determination of underpayments for the years 1948, 1949 and 1950 does not extend to his finding of fraud in each of those years when that finding is challenged by the taxpayers. In a like proceeding in the tax court, under such circumstances, the burden of proof of the fraud is placed upon the Commissioner by 26 U.S.C. § 1112. That section is declaratory only of what had theretofore been the law both in the tax court and in the district court. Vitelli & Son v. United States, 250 U.S. 355, 39 S.Ct. 544, 63 L.Ed. 1028; Budd v. Commissioner, 3 Cir., 1930, 43 F.2d 509; Jemison v. Commissioner, 5 Cir., 1930, 45 F.2d 4; Griffiths v. Commissioner, 7 Cir., 1931, 50 F.2d 782; Duffin v. Lucas, 6 Cir., 1932, 55 F.2d 786; Maroosis v. Smyth, 9 Cir., 1951, 187 F.2d 228; Ohlinger v. United States, 9 Cir., 1955, 219 F.2d 310; Hargis v. Godwin, 8 Cir., 1955, 221 F.2d 486.

### Order

Now, November 7, 1956, it is adjudged and decreed that

■ 1. The burden of proof in the fraud issue raised by that part of plaintiffs' claim which seeks recovery of the 50% fraud penalties added for the years 1948, 1949 and 1950 under Section 293 (b) of the Internal Revenue Code of 1939 is upon the defendant.

■ 2. The defendant, conformably to Rules of Civil Procedure 8(c) and 9 (b), shall plead the fraud relied upon as the basis for the addition of the amounts equal to 50% of the underpayments asserted for each of the same years.