[Civ. No. 45454. Second Dist., Div. One. Dec. 3, 1975.]

CHULA VISTA ELECTRIC COMPANY, Plaintiff and Appellant, v. STATE BOARD OF EQUALIZATION, Defendant and Respondent.

446

## COUNSEL

Clyde R. Maxwell and Jack B. Silver for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Philip C. Griffin and Rodney Lilyquist, Jr., Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**THOMPSON, J.**—The case at bench involves the applicability of the California Sales and Use Tax Law to electrical transmission cable installed by the plaintiff, taxpayer, on real property owned and occupied by the United States pursuant to a contract calling for the removal of worn out cable from its conduit and replacement of it with the new. Sales and use tax are applicable only with respect to sales and purchases at retail of tangible personal property. (Rev. & Tax. Code, §§ 6051, 6201.) "Electrical transmission and distribution lines" are excluded from the definition of tangible personal property, the sale or purchase of which is the basis for sales or use tax. (Rev. & Tax. Code, § 6016.5.) Sales of tangible personal property to the United States are exempt from sales tax. (Rev. & Tax. Code, § 6381.) Conversely, sales or use tax is applicable to gross receipts from the sale of tangible personal property to contractors purchasing the property "for use in the performance of

contracts with the United States for the construction of improvements on or to real property [in California]." (Rev. & Tax. Code, § 6384.)

We conclude that, while electrical transmission and distribution lines are not tangible personal property as that phrase is used in the Sales and Use Tax Law, the component parts of the transmission and distribution line, including the cable used to conduct electricity, are. We conclude further that the cable was, on the facts here present, used in the performance of a contract with the United States to improve real property within California. Accordingly, we affirm a trial court judgment denying taxpayer's suit for refund of use tax paid by it to the state measured by a percentage of the cost to taxpayer of the cable installed by it.

*Facts*

Taxpayer is an electrical contractor installing wiring in construction projects. It does not manufacture wiring or electrical equipment but purchases the material used to perform its installation work. Taxpayer entered into a contract with the United States to remove approximately 1,200 feet of electrical cable from existing underground conduit at the North Island Air Station and to replace it with new cable. The contract required installation of 12,000 volt capacity cable from the power company's facility, called a meter and switching station, to a substation used to divide the cable inlet into a number of outlet cables leading to buildings, equipment, and motors at the air station. Both the meter and switching station and the substation were movable property.

Taxpayer, acting under the contract, removed the old cable then in the conduit. The cable was salvaged by the United States and sold for scrap. The new cable was drawn into the conduit at the meter and switching station, spliced at manholes, and taken to the substation. The cable lay in but was not attached to the conduit. It was connected to both the meter and switching station and the substation. Ninety-five percent of the power in the line was used to operate machinery at the air station, with the remainder used for general electrical purposes such as lighting.

The cable installed by taxpayer was acquired by it at a cost of $90,000 and no sales tax was paid on the purchase. The State of California assessed a use tax measured by the $90,000 purchase price. Taxpayer filed a timely claim for refund, the claim was denied, and taxpayer filed its action to recover the use tax assessed. The trial court found that the tax was properly assessed, and this appeal followed.

*Contentions*

On this appeal, taxpayer contends: (1) the cable is machinery or equipment exempt from tax when sold to the United States by reason of Revenue and Taxation Code section 6381; and (2) if the cable is not machinery or equipment, it is not tangible personal property covered by the Sales and Use Tax Law because it is an electric transmission line excluded from the statutory definition of tangible personal property by Revenue and Taxation Code section 6016.5.[1]

*Federal Governmental Sales Exemption*

 Taxpayer's claim of exemption of the transaction from sales or use tax by reason of Revenue and Taxation Code section 6381 depends upon the characterization of the cable as an improvement to real property or as something else. Section 6384 of the code provides that, despite the exemption in section 6381, sales or use tax is applicable to gross receipts from the sale of tangible personal property to contractors purchasing the property for use in the performance of contracts with the United States for the construction of improvements to real property in California.

California Administrative Code, title 18, section 1615 (formerly ruling 12 of the State Board of Equalization) distinguishes between "machinery and equipment" sold pursuant to a contract with the United States and "fixtures" installed pursuant to such a contract. The latter are treated as improvements to real property while the former are not. Machinery and equipment is defined in part as "either . . . not attached to the realty or, if attached, is readily removable as a unit." "Fixtures," as distinguished from "machinery and equipment," are defined as "things which are necessary to a structure and so firmly attached to the realty as to constitute a part of the structure [and] essential to the use of the building or other structure . . . ."

Section 1615 of title 18 contrasts with section 1521 of title 18 dealing with the application of sales and use tax to contracts for the improvement of real property in general. While section 1615 is consistent with section 1521 in treating the contractor as the consumer of material used in fulfilling the contract (subd. (b)) and in ruling that a construction

---

[1]Appellant raises other contentions for the first time in its reply brief without explanation for their omission from its opening brief. We do not consider those new contentions. (*Radinsky* v. *T. W. Thomas, Inc.*, 264 Cal.App.2d 75, 81 [70 Cal.Rptr. 150].)

contract does not include an agreement for the installation of machinery and equipment (subd. (a)(2)), section 1521 provides that contractors are "retailers" of fixtures which they furnish and install.

█ The provisions of the Administrative Code are entitled to great credence in the interpretation of provisions of the Sales and Use Tax Law with which they are compatible (*Henry's Restaurants of Pomona, Inc.* v. *State Bd. of Equalization,* 30 Cal.App.3d 1009, 1020-1021 [106 Cal.Rptr. 867]). They are so treated by the parties to the case at bench.

█ The electrical transmission line as a whole is a structure which is part of the real property. (*C. R. Fedrick, Inc.* v. *State Bd. of Equalization,* 38 Cal.App.3d 385, 399-400 [120 Cal.Rptr. 434]; *A. S. Schulman Electric Co.* v. *State Bd. of Equalization,* 49 Cal.App.3d 180, 184 [122 Cal.Rptr. 278]; see also Cal. Admin. Code, tit. 18, § 1521, subd. (g).) If the cable installed by taxpayer is necessary to the transmission line and so firmly attached to the structure as to become part of it, the cable is then a fixture within the meaning of title 18, section 1615 of the Administrative Code.

Unquestionably, the cable is necessary to the transmission line as a whole. The line will not operate without it. There remains only the question whether the cable is so attached to the conduit structure as to be a fixture. In the context of the law of fixtures, attachment to the realty is a concept broader than physical annexation. Adaptation to use with the real property and the intention with which the property is installed (*Collins Electrical Co.* v. *County of Shasta,* 24 Cal.App.3d 864, 868 [101 Cal.Rptr. 285]; 3 Witkin, Summary of Cal. Law (8th ed.) Personal Property, § 56) must be considered as well as physical annexation.

The taxpayer has the burden of proof of establishing his right to a refund (*Marchica* v. *State Board of Equalization,* 107 Cal.App.2d 501, 510 [237 P.2d 725]), and hence of proving that the cable in the case at bench is not a fixture to the transmission line. The trial court's determination that the tax was properly assessed is supported by taxpayer's failure to carry its burden.

Taxpayer introduced no evidence of the intent of its customer, the United States, in contracting for the installation of the cable. (See *Collins Electrical Co.* v. *County of Shasta, supra,* 24 Cal.App.3d 864, 868.) The cable itself is a massive installation. It is particularly adapted to use with the real property. Taxpayer's evidence on the nature of the cable

relevant to the elements of its character as a fixture is limited to testimony that the cable has a life of 20 years and is salvageable for scrap when withdrawn from the conduit. Removability alone of what is otherwise a fixture does not, however, change its character. (*A. S. Schulman Electric Co.* v. *State Bd. of Equalization, supra,* 49 Cal.App.3d 180, 184, fn. 2; *Collins Electrical Co.* v. *County of Shasta, supra,* 24 Cal.App.3d 864, 868.) Since the evidence establishes elements other than intent necessary to the characterization of the cable as a fixture and the taxpayer failed to carry its burden of proof on the element of intent, the trial court's treatment of the cable as used in the performance of a contract for the improvement of real property must be sustained.

Taxpayer's reliance upon *Honeywell, Inc.* v. *State Bd. of Equalization,* 48 Cal.App.3d 897 [122 Cal.Rptr. 237], as standing for a contrary conclusion is misplaced. *Honeywell,* as does *Coast Elevator Co.* v. *State Bd. of Equalization,* 44 Cal.App.3d 576 [118 Cal.Rptr. 818], upholds the approach of section 1521 of title 18 of the California Administrative Code treating the contractor as the retailer of fixtures installed by him on real property. *Honeywell* and *Coast Elevator* are concerned with the definition of a sale of tangible personal property in the context of Revenue and Taxation Code section 6006, including receipts from such a sale within the measure of sales and use tax. They do not involve the special provision of Revenue and Taxation Code section 6384 dealing with sales of personal property to contractors for use in the performance of contracts with the United States for the construction of improvements of real property within California. ■ Section 6384 represents an effort to extend the tax base to the maximum degree constitutionally permissible in light of restrictions upon direct state taxation of the United States and its instrumentalities. (*C. R. Fedrick, Inc.* v. *State Bd. of Equalization, supra,* 38 Cal.App.3d 385, 395.) It must be construed accordingly.

*Revenue and Taxation Code Section 6016.5*

■ Taxpayer's second contention that the cable is not tangible personal property and hence is not the subject of sales or use tax depends upon the meaning of "electrical transmission lines," as that term is used in section 6016.5 excluding electrical transmission lines from the statutory definition of taxable tangible personal property. The atmosphere in which section 6016.5 was enacted by the Legislature indicates that the term "electrical transmission line" refers to the line as a whole and not to its component parts such as the cable.

Sometime prior to the early 1960's, the State Board of Equalization asserted authority to impose sales tax upon the installation of electrical transmission lines in a fashion different from other construction contracts. While in the case of construction contracts in general the tax base included only the cost of tangible materials used in the job, the board, relying upon an Attorney General's opinion dealing with property taxation, sought to include installation labor cost as well as the cost of tangible materials in measuring the sales tax payable by the installer of an electrical transmission line. Litigation challenging the board's approach ensued. (*King* v. *State Bd. of Equalization,* 22 Cal.App.3d 1006, 1010, 1014 [99 Cal.Rptr. 802]; *C. R. Fedrick, Inc.* v. *State Bd. of Equalization, supra,* 38 Cal.App.3d 385; *A. S. Schulman Electric Co.* v. *State Bd. of Equalization, supra,* 49 Cal.App.3d 180.)

While the litigation was pending, the Legislature enacted Revenue and Taxation Code section 6016.5, excluding from the definition of tangible personal property subject to sales and use tax "telephone and telegraph lines, electrical transmission and distribution lines, and the poles, towers, or conduit by which they are supported or in which they are contained." The enactment was accompanied by a statement that it was prospective only, leaving prior law unaffected. (Stats. 1965, ch. 1960, § 3.) The statement, however, merely "manifested a 'hands off' attitude [and] neither confirmed nor rejected the past, but relegated pending uncertainties to judicial clarification." (*King* v. *State Bd. of Equalization, supra,* 22 Cal.App.3d 1006, 1009; cf. *C. R. Fedrick, Inc.* v. *State Bd. of Equalization, supra,* 38 Cal.App.3d 385, stating at different points in the opinion that the enactment "changed" the board's policy, footnote 12 at page 394, and that the enactment "codified" the board's policy, text at page 400.)

In none of the litigation which found its way into a reported decision did the taxpayer assert that the sales and use tax was inapplicable to the cost of component tangible materials used in the construction of the transmission lines. The sole issue dealt with the inclusion of the value of installation labor in measure of tax.

The coincidence of the enactment of Revenue and Taxation Code section 6016.5 with the litigation cannot be ignored. Absent anything to the contrary, the section must be viewed as reaction to the board's position and resistance to it by installers of transmission lines who were faced with discriminatory tax treatment. So considered, the purpose of section 6016.5 was to relieve the installers from the board-imposed

requirement that they include the cost or value of installation labor in their tax base, placing them in parity with others performing contracts to improve real property.

Section 6016.5 does not exclude from the definition of tangible personal property the component tangible parts of an electrical transmission line any more than it excludes the component tangible parts of any other improvement to real property constructed by a contractor. The equality of treatment purpose of the section is not served by the exclusion. We thus conclude that section 6016.5 of the Revenue and Taxation Code excludes from the definition of tangible personal property only completed electrical, telephone, and telegraph lines, and does not exclude components used in the construction or repair of the lines. Since the cable installed by taxpayer is a component and not a complete electrical transmission line, the board properly treated the cable as tangible personal property.

*Disposition*

The judgment is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied December 30, 1975, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied January 28, 1976.