5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, for the Use of the OKONITE CO., Plaintiff,
and
Okonite Co., Inc., Plaintiff-Counter-Defendant-Appellee,
v.
AMERICAN HOME ASSURANCE COMPANY, Defendant,
and
William M. Bennett, Bradley Sherman, Ernest J. Dronenburg,
Jr., and Matthew K. Fong, Defendants-Appellees,
Kingston Constructors, Inc., Defendant-Counter-Claimant-Appellant.
 No. 92-15383.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 2, 1993.
Decided Sept. 20, 1993.
 
 Before: REAVLEY*, PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kingston Constructors, Inc. appeals the district court's summary judgment that Okonite Company's sale of a submarine power-transmission cable to Kingston was a taxable transaction under CAL.REV. & TAX CODE Sec. 6384. We agree with the district court's determination that Kingston presented insufficient evidence to survive summary judgment.
 
 
 3
 California law explicitly places the burden on Kingston to establish that the cable was not taxable. CAL.REV. & TAX CODE Sec. 6091, 6241. California courts have consistently held that electric transmission lines are taxable improvements to real property. See Fischbach & Moore, Inc. v. State Bd. of Equalization, 117 Cal.App.3d 627, 631 (1981); Chula Vista Electric Co. v. State Board of Equalization, 53 Cal.App.3d 445, 450 (1975); A.S. Schulman Elec. Co. v. State Bd. of Equalization, 49 Cal.App.3d 180, 184 (1975); C.R. Fedrick, Inc. v. State Bd. of Equalization, 38 Cal.App.3d 385, 399-400 (1974); King v. State Bd. of Equalization, 22 Cal.App.3d 1006, 1014 (1972). We disagree with Kingston's characterization of the cable as an extension cord rather than an electric transmission line. The cable was part of a power distribution system to fixed real estate, and required infrastructure to perform its distribution function. Moreover, the Navy powered the cable minimally to preserve it. None of these are characteristics of an extension cord, and they all befit an electric transmission line.
 
 
 4
 Had the Navy intended to move the cable upon leaving Treasure Island, a fact issue may have existed as to whether the cable is a fixture or machinery. Kingston knew throughout the summary-judgment proceedings that the Navy' intent was an issue, but Kingston offered no specific indication of how it could or would prove that the Navy intended to move the cable. Absent evidence on this crucial point in Kingston's case on which Kingston had the burden of proof, the district court correctly entered summary judgment against Kingston. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 2552-53 (1986).
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3