## STONE *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 113. Argued November 4, 1896. — Decided November 30, 1896.

The findings of the Court of Claims in an action at law determine all matters of fact, like the verdict of a jury; and when the finding does not disclose the testimony, but only describes its character, and, without questioning its competency, simply declares its insufficiency, this court is not at liberty to refer to the opinion for the purpose of eking out, controlling or modifying the scope of the findings.

On April 16, 1891, appellant, under authority of the act of March 3, 1891, c. 538, 26 Stat. 851, filed his petition in the Court of Claims to recover the sum of $12,375 for certain property, to wit, two geldings, of the value of $500 each, and ninety-one head of horses, of the value of $125 each, alleged to have been taken or destroyed by the Cheyenne and Arapahoe Indians on November 17, 1867. A traverse having been filed the case was submitted to the court upon the evidence. Certain findings of fact were made, the second of which is as follows:

"The depredation was committed on the 17th November, 1867, near the town of Fort Collins, in Larimer County, Colorado, by the defendant Indians. The claimant never presented this claim to the Department of the Interior nor to Congress nor to any officer or agent of the government until his petition in this case was filed in this court on the 16th April, 1891. It is supported only by the testimony of the claimant himself and one witness. Since the claimant testified he has filed his own *ex parte* affidavit, stating that the witness above referred to 'is the only person with whom I am acquainted who is familiar with the theft complained of,' and that of thirteen persons who followed the Indians at the time they took his horses he does not know the whereabouts of any except the witness produced, and that he had used every endeavor to discover the other witnesses, but can secure no information except that they are dead. The court is not satisfied by this evidence as to the extent of the depredation or the value of the property."

Upon this finding judgment was entered in favor of the defendants, 29 C. Cl. 111, from which judgment the claimant appealed to this court.

*Mr. Charles A. Keigwin* and *Mr. J. M. Wilson* for appellant. *Mr. W. B. Matthews* was on their brief.

*Mr. Assistant Attorney. General Howry* for appellees.

Mr. Justice Brewer, after stating the case, delivered the opinion of the court.

The findings of the Court of Claims in an action at law determine all matters of fact precisely as the verdict of a jury. Act of March 3, 1887, c. 359, §§ 2, 7, 24 Stat. 505; act of March 3, 1891, c. 538, §§ 1, 4, 26 Stat. 851, 852; *Desmare* v. *United States*, 93 U. S. 605, 610; *McClure* v. *United States*, 116 U. S. 145.

That court finds that the claimant, upon whom rests the burden of proof, has not proved the extent of the depredation or the value of the property, and there being thus a case of a failure of proof judgment properly went against the party upon whom the burden rested. Counsel for appellant contend that the Court of Claims has attempted to create a rule of evidence as to the number of witnesses required in different classes of cases. Beyond the language of this finding they call our attention to the opinion in which, after a reference to the peculiar circumstances of this case, the court observes: "The court has no reason in this particular case, other than the lapse of time and the inaction of the claimant, to discredit the witnesses or suspect the claim." We cannot so interpret the finding or the opinion. We do not understand that either lays down any arbitrary rule of evidence, as, for instance, that a claim ten years old must be proved by at least two witnesses, one twenty years old by three witnesses, and so on. Such action would be legislative rather than judicial. The court simply refers, and properly, to the age of the claim, the failure to present it for such a length of time and the meagreness of the testimony now offered to substantiate it, and then finds that such testimony, as to two essential facts in the claimant's, case, to wit, the extent of the depredation and the amount of the loss, is not sufficient. It is true the court does not find that the witnesses have sworn falsely, but that is not essential even when that is its belief. To say that the testimony is not satisfactory is more polite and less offensive, and at the same time equally sufficient. More than that, it is the very language of the statute, sec. 4: "But the claimant shall not have judgment for his claim, or for any part thereof, unless he shall establish the same by proof satisfactory to the court." We do not mean to intimate that the court in this

case believed that the witnesses committed perjury.  On the contrary it may well be that it simply found the testimony so confused, so lacking in distinctness and precision, as to suggest a weakening of the memory through lapse of time, and, therefore, not the satisfactory proof required of these essential facts.

We are not at liberty to refer to the opinion for the purpose of eking out, controlling or modifying the scope of the findings.  *British Queen Mining Co.* v. *Baker Silver Mining Co.*, 139 U. S. 222; *Lehnen* v. *Dickson*, 148 U. S. 71; *Saltonstall* v. *Birtwell*, 150 U. S. 417.  Neither is this a case like *United States* v. *Clark*, 96 U. S. 37, in which in one finding was stated the testimony, and in another the conclusion as to the ultimate fact, in which case the court held that it might consider the sufficiency of such testimony to establish that principal fact, for here the finding does not disclose the testimony, but only describes its character, and, without questioning its competency, simply declares its insufficiency.

The judgment is

*Affirmed.*