**WESSEL et al. v. UNITED STATES.**

No. 8892.

Circuit Court of Appeals, Eighth Circuit.

April 9, 1931.

H. J. Requartte, of Lincoln, Neb. (T. S. Allen and O. C. Wood, both of Lincoln, Neb., on the brief), for appellants.

Charles T. Hendler, Sp. Atty., Internal Revenue, of Washington, D. C., and Charles E. Sandall, U. S. Atty., of Omaha, Neb. (Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for the United States.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and DAVIS, District Judge.

KENYON, Circuit Judge.

This suit was brought by Sam Wessel (now deceased) in the District Court of the United States for the District of Nebraska, Lincoln Division, to recover certain income taxes in the sum of $9,500, alleged to have been erroneously collected from him.

The trial court made findings of fact and announced conclusions of law denying Wessel (whom we will hereinafter term the taxpayer) the relief demanded. From the judgment of the trial court in favor of the United States, this appeal is taken. Since this appeal was perfected, Wessel has died, and his executors substituted as appellants.

The action was brought under section 41, title 28, USCA, which provides for original jurisdiction in the District Court concurrent with the Court of Claims in certain cases in suits against the United States, and under subdivision 20 of said section such suits are tried by the court without a jury. It is not a case under section 773, title 28, USCA, which provides for waiver of jury in civil cases by written stipulation.

Section 226 of title 28 provides for a review, in suits of this nature in the Circuit Court of Appeals, of judgments of the District Court the same as other judgments therein, and section 764 provides that it is the duty of the trial court to cause a written opinion to be filed "setting forth the specific findings by the court of the facts therein and the conclusions of the court upon all ques-

138

tions of law involved in the case, and to render judgment thereon."

The findings of fact show: That taxpayer on March 31, 1920, was the owner of all the common stock of the Western Furniture & Manufacturing Company (hereinafter called the manufacturing company). At that time he surrendered his stock in exchange for the assets of the corporation, and assumed the corporation's liabilities. The common stock was canceled, and the corporation dissolved. There was no cash payment involved in the liquidation of the business. There was no balance sheet to determine the surplus of the corporation as of March 31, 1920, the date of the liquidation. March 15, 1921, taxpayer filed his income tax return showing the amount of income and surtaxes which he claimed to be due from him to the government for the calendar year 1920, in the sum of $5,043.23, which was paid. February 17, 1923, the Commissioner of Internal Revenue notified taxpayer of a proposed assessment of additional income and surtaxes for the year 1920 in the sum of $13,958.56. Over taxpayer's protest, on October 12, 1923, an assessment of an additional tax in the sum of $13,938.20 was made. February 26, 1924, taxpayer paid said additional assessment under protest, and in July, 1924, filed claim for refund, which was denied.

Finding of fact No. 8 of the court was as follows: "That the Commissioner of Internal Revenue based his computation of plaintiff's income and Excess Profits Tax for the year 1920 upon figures furnished by the plaintiff and which were contained in the books of account regularly kept by the Western Furniture and Manufacturing Company, a corporation, and this plaintiff during the years of 1919 and 1920."

The amount of gain or profit in the transaction was arrived at by the Treasury Department as follows: there was a balance sheet of the Manufacturing Company as of December 31, 1919 (introduced in evidence by taxpayer), which was computed on the basis of cost of the various items contained therein, and showed a surplus as of December 31, 1919, of $49,917.58. The investigating officer of the Treasury Department determined the net income of the corporation for the period from January 1, 1920, to March 31, 1920, to be $6,342.76, arriving at a gross surplus as of March 31, 1920, of $56,260.34. From this he deducted accrued and unpaid corporation taxes in the sum of $9,852.75, leaving the alleged net surplus of the corporation March 31, 1920, as $46,407.59. To this was added the par value of the common stock in the sum of $30,000, making a total of $76,407.59, from which he deducted the cost to taxpayer of his stock in the corporation, to wit, $32,500, which left a net profit to taxpayer out of the liquidation of the manufacturing company of $43,907.59.

It was stipulated in the case that the balance sheet of December 31, 1919, introduced in evidence, was correctly made by an internal revenue agent from figures contained in the books of the manufacturing company.

The trial court found that the computations made by the Commissioner of Internal Revenue of taxpayer's income and excess profits taxes for 1920 were based upon figures furnished by taxpayer and were contained in the books of account regularly kept by the manufacturing company, and were mathematically correct; that the accuracy of the books of account kept by the taxpayer during the years 1919 and 1920 have not been questioned. The court in its conclusions of law held that the taxpayer's income and excess profits tax for the year 1920 was correctly computed, and according to law; that the evidence of the values offered on behalf of the taxpayer was not sufficient to entitle him to recover even if the theory should be adopted that the value of the stock should not have been based upon the value of the assets as shown by the books and trial balance of the manufacturing company.

Appellee introduced no evidence.

Findings of fact and conclusions of law sustaining his theories were asked by the taxpayer.

The taxpayer originally made two contentions: First, that there was no gain realized by the liquidation of the corporation and the transfer to him of its assets; that it was not a purchase and sale of stock. This contention, in view of the decision of the Supreme Court in Hellmich v. Hellman, 276 U. S. 233, 48 S. Ct. 244, 72 L. Ed. 544, 56 A. L. R. 379, has been abandoned. The other contention urged on this appeal is that the trial court considered itself bound as to the fair market value of the assets by the statement of such value in the books of the corporation. The taxpayer urges that he was entitled to show, and did show, that the fair market value of the assets was much less than the figure at which they were carried on the books of the corporation.

The government contends that the sole province of this court is to determine as a matter of law whether the facts found by the trial court support the judgment, and that the question as to any competent evidence to

support the conclusions of fact is not here; there being no proper assignment of error covering that point. Further, the government claims that no motion was made by the taxpayer for judgment, and that this court cannot reverse a special finding of fact by the court below or reverse the judgment thereon for any error of fact. The special findings of fact by the trial court have the same effect as the verdict of a jury. Cramp v. United States, 239 U. S. 221, 36 S. Ct. 70, 60 L. Ed. 238; Crocker v. United States, 240 U. S. 74, 36 S. Ct. 245, 60 L. Ed. 533; Brothers v. United States, 250 U. S. 88, 39 S. Ct. 426, 63 L. Ed. 859; Stone v. United States, 164 U. S. 380, 17 S. Ct. 71, 41 L. Ed. 477.

■ If the question of whether or not there is any substantial evidence to support the findings of fact was properly raised at the trial and preserved for review by this court, we are satisfied that it is our duty to pass on that question as one of law; all the evidence being before us. Collier v. United States, 173 U. S. 79, 19 S. Ct. 330, 43 L. Ed. 621; United States v. Buffalo Pitts Company, 234 U. S. 228, 34 S. Ct. 840, 58 L. Ed. 1290.

There is some doubt whether the assignments of error sufficiently cover this point. However, we have concluded, notwithstanding that doubt, to consider the same.

■ As to the government's contention that no motion was made by the taxpayer for judgment, and no declaration of law was requested on the subject of whether there was any competent evidence to warrant the findings of fact, we may say that the question was, we think, sufficiently raised by the requests made for conclusions of law on the part of the taxpayer.

In the case of Federal Intermediate Credit Bank of Omaha v. L'Herisson, 33 F.(2d) 841, 843, cited by the government, it was held by this court: "If a party seeks to have reviewed the question whether the record contains any substantial evidence to support the findings and judgment against him, it is incumbent upon him to make a motion for judgment in his favor on that ground, or to request a declaration of law to that effect, or to take some other equivalent step, and secure a ruling by the trial court, and to take exception to such ruling." Such equivalent steps were here taken.

It will not be necessary for us to enter the field of inquiry further in this case than to determine whether there was any substantial testimony to support the findings of fact of the trial court, for there can be no doubt that the findings of fact justify the court's conclusions of law.

■ It was the duty of the taxpayer to establish his claim by proof satisfactory to the court. It was the province of the court under the statute to determine the profit or gain in the transaction in question. That was measured by the fair value of the property received, less the cost of the stock. It was not bound by the statements of the corporation books. The corporation was an entity, separate and distinct from the stockholders. While the statements on the books of the value of the assets were not conclusive, they were of evidential value, and, of course, it was proper for the court to consider them in arriving at its ultimate conclusion as to the facts. Speaking of books of account as showing values, the Supreme Court said in Doyle v. Mitchell Brothers Co., 247 U. S. 179, 187, 38 S. Ct. 467, 470, 62 L. Ed. 1054: "Nor is the result altered by the mere fact that the increment of value had not been entered upon plaintiff's books of account. Such books are no more than evidential, being neither indispensable nor conclusive. The decision must rest upon the actual facts, which in the present case are not in dispute." That would seem a clear statement of the law. See, also, Robert P. Hyams Coal Co. v. United States (D. C.) 26 F.(2d) 805.

■ The only point really urged here is that the court should not have accepted as correct the value of the assets as appeared on the books, in view of the opinion evidence offered by taxpayer that the market value was less, but the court was bound neither by the opinion evidence nor the balance sheet, both of which the taxpayer introduced. The opinion evidence had no more probative force than did the books.

■ The court found in determining the net profit or gain derived by taxpayer from the exchange of the assets of the manufacturing company for his stock that the figures of the Commissioner of Internal Revenue as to net profit, namely, $43,907.59, were correct, and found as a fact just how this net profit of $43,907.59 had been reached by the Treasury Department. Certainly there was evidence in the balance sheet from the books of account of the manufacturing company, of which taxpayer owned all the stock, to justify the court's findings as to the value of the assets and the net profit, and this court is not concerned with the mental processes of the trial court in arriving at its conclusion.

■ Counsel for appellant in his brief states: "The trial court could not properly say that.

there was no evidence upon which to base a finding, even if the stipulation had been the only evidence introduced in the case." The court did not say in its conclusion of law there was no evidence upon which to base a finding different from the one it did. It said: "The evidence of values offered on behalf of the plaintiff is not sufficient to entitle the plaintiff to recover." That was a conclusion of law based on the evidence. We are satisfied there was competent substantial evidence to support the findings of fact, and that such findings warrant the conclusions of law.

The judgment is affirmed.