The B. F. GOODRICH COMPANY,
Plaintiff,

v.

FEDERAL TRADE COMMISSION et al.,
Defendants.

Civ. A. No. 922.

United States District Court
District of Columbia.

Sept. 7, 1955.

**40**

Mathias F. Correa, New York City, for plaintiff.

Albert Parker and James H. Durkin, Sp. Assts. to Atty. Gen., for defendants.

HOLTZOFF, District Judge.

This group of actions have been consolidated for trial. Each of them is brought by a concern engaged in the manufacture or sale or both of rubber tires against members of the Federal Trade Commission to review the validity of an order made by the Commission under the Robinson-Patman Act limiting the quantity of rubber tires sold at any one time on which a discount may be made on the basis of quantity at 20,000 pounds ordered at one time for delivery at one time.

This Order is issued under United States Code Annotated, Title 15, Section 13, known as the Robinson-Patman Act. That section, in effect, prohibits discrimination in price between different purchasers of commodities of like grade and quality.

It further provides, however, "That the statute shall not prevent differentials which make only due allowance for differences in the cost of manufacture, sale or delivery resulting from the differing methods or quantities in which such commodities for such purchasers are sold and delivered." In other words, that provision permits differentials based on differences in quantities purchased by different purchasers.

This limitation, however, is qualified by the provision that follows and which is the pertinent provision involved in these actions, namely,

"That the Federal Trade Commission may, after due investigation and hearing to all interested parties, fix and establish quantity limits, and revise the same as it finds necessary, as to particular commodities or classes of commodities, where it finds that available purchasers in greater quantities are so few as to render differentials on account thereof unjustly discriminatory or promotive of monopoly in any line of commerce; and the foregoing shall then not be construed to permit the differentials based on differences in quantities greater than those so fixed and established."

Acting under this provision, the Commission, as has just been stated, fixed quantity limits on sales of tires and tubes at 20,000 pounds ordered at one time for delivery at one time.

These cases came before this Court on motions by the defendants for summary judgment.

After opening of the argument, counsel for plaintiffs asked leave to file cross motions for summary judgment and, with the consent of counsel for the defendants this leave was granted. Consequently, the posture of this case now is that all parties have moved for summary judgment in their favor.

The plaintiffs raised three objections to the validity of the order of the Federal Trade Commission;

First, that the Commission failed to give a hearing at which evidence was introduced and at the conclusion of which findings were based entirely on the evidence introduced.

The second objection is that the findings do not support the order.

The third objection is that the order is capricious, arbitrary and unreasonable.

The Court will consider the second objection first because, in the light of the

disposition that it is going to make of the second objection, the other two need not be considered at this stage of the litigation.

The Court is of the opinion that there are no statutory findings as required by the Act of Congress to support the order of the Commission. The order contains two ultimate findings.

The first ultimate finding is to the effect that:

"Available purchasers in greater quantities than annual dollar volumes of $600,000 and more are so few as to render differentials on account thereof unjustly discriminatory against purchasers in smaller quantities and promotive of monopoly".

Manifestly, this finding does not support the order made by the Commission because the order of the Commission does not relate to sales amounting to $600,000 or more a year but to single individual sales in quantities of 20,000 pounds.

The second ultimate finding does not follow the phraseology of the statute. If a statute requires a specific finding to be made by a regulatory body as a basis for an order, such a finding must be made in order to justify the order. To be sure, a slight deviation in phraseology will not vitiate the finding or the order.

In this case, however, there is more than a verbal deviation from the statute. The meaning of the second finding is entirely different from the meaning of such a finding as the statute requires. The statute requires a finding that available purchasers in quantities greater than that specified are so few as to render differentials on account thereof unjustly discriminatory or promotive of monopoly.

There is no finding here that available purchasers in quantities greater than 20,000 pounds at any one time are so few as to render differentials on account thereof unjustly discriminatory or promotive of monopoly.

Finding No. 2 is to the effect that the carload quantity of 20,000 pounds ordered at one time for delivery at one time is a quantity upon which the maximum differentials on account of quantity should be granted, that quantity being the reasonable maximum as to which there will be a sufficient number of available purchasers so as not to render such a maximum differential unjustly discriminatory against purchasers in smaller quantities and promotive of monopoly. In other words, the finding is the converse of what the statute requires or, to put it in a somewhat different way, it is the negative of what the statute requires.

In view of the importance of the order here involved and its effect upon a vital industry and on a large number of manufacturers and dealers, the order should not stand unless the statutory prerequisites are complied with.

The Court is of the opinion that the statutory finding expressly required by the Act of Congress as a basis for the order has not been made and that, therefore, the order should not stand.

This being the opinion of the Court, it seems unnecessary to pass upon the validity of the other two objections to the order. It may be noted that the third objection raises issues of fact, and that hence the defendants would not be entitled to summary judgment at this time in any event.

The defendants' motions for summary judgment will be denied and the plaintiffs' motion for summary judgment granted.