FEDERAL TRADE COMMISSION
et al., Appellants,

v.

The B. F. GOODRICH COMPA-
NY, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

The B . F. GOODRICH COMPA-
NY, Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

The GENERAL TIRE & RUBBER
COMPANY, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

The GENERAL TIRE & RUBBER
COMPANY, Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

The GOODYEAR TIRE & RUBBER
COMPANY, Inc., Appellee.

Sigurd ANDERSON et al., Appellants,

v.

The GOODYEAR TIRE & RUBBER
COMPANY, Inc., Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

The FIRESTONE TIRE & RUBBER
COMPANY, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

The FIRESTONE TIRE & RUBBER
COMPANY, Appellee.

The FEDERAL TRADE COMMISSION
et al., Appellants,

v.

ALLIED TIRE & BATTERY COMPA-
NY et al., Appellees.

Sigurd ANDERSON et al., Appellants,

v.

ALLIED TIRE & BATTERY COM-
PANY et al., Appellees.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

UNITED STATES RUBBER COM-
PANY, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

UNITED STATES RUBBER COM-
PANY, Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

INLAND RUBBER CORPORA-
TION, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

INLAND RUBBER CORPORA-
TION, Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

PACIFIC TIRE & RUBBER COM-
PANY, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

PACIFIC TIRE & RUBBER COM-
PANY, Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

DENMAN RUBBER MANUFACTURING
COMPANY, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

DENMAN RUBBER MANUFACTURING
COMPANY, Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

The MANSFIELD TIRE & RUBBER
COMPANY, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

The MANSFIELD TIRE & RUBBER
COMPANY, Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

CARLISLE CORPORATION, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

CARLISLE CORPORATION, Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

DURKEE–ATWOOD COMPANY,
Appellee.

Sigurd ANDERSON et al., Appellants,

v.

DURKEE–ATWOOD COMPANY,
Appellee.

FEDERAL TRADE COMMISSION,
Appellant,

v.

SEIBERLING RUBBER COMPA-
NY, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

SEIBERLING RUBBER COMPA-
NY, Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

DUNLOP TIRE AND RUBBER COR-
PORATION, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

DUNLOP TIRE AND RUBBER COR-
PORATION, Appellee.

FEDERAL TRADE COMMISSION,
Appellant,

v.

MISSOURI FARMERS ASSOCIA-
TION, Inc., Appellee.

Sigurd ANDERSON et al., Appellants,

v.

MISSOURI FARMERS ASSOCIATION,
Inc., Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

WESTERN AUTO SUPPLY COM-
PANY, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

WESTERN AUTO SUPPLY COM-
PANY, Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

MONTGOMERY WARD & CO., In-
corporated, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

MONTGOMERY WARD & CO., In-
corporated, Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

The DAYTON RUBBER COMPANY,
Appellee.

Sigurd ANDERSON et al., Appellants,

v.

The DAYTON RUBBER COMPANY,
Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,

v.

LEE RUBBER & TIRE CORPO-
RATION, Appellee.

Sigurd ANDERSON et al., Appellants,

v.

LEE RUBBER & TIRE CORPO-
RATION, Appellee.

FEDERAL TRADE COMMISSION
et al., Appellants,
v.
The AMERICAN OIL COMPANY,
Appellee.
Sigurd ANDERSON et al., Appellants,

v.
The AMERICAN OIL COMPANY,
Appellee.
Nos. 13070–13109.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 16, 1956.

Decided Feb. 28, 1957.

Mr. James H. Durkin, Attorney, Department of Justice, with whom Messrs. Leo A. Rover, U. S. Atty., at the time record was filed, Oliver Gasch, U. S. Atty., and Joseph E. Sheehy, Director, Bureau of Litigation, Federal Trade Commission, were on the brief, for appellants.

Mr. Mathias F. Correa, of the bar of the Court of Appeals of New York, New York City, pro hac vice, by special leave of Court, with whom Mr. James E. Greeley, Washington, D. C., was on the brief for appellee in Nos. 13,074 and 13,075, argued for all appellees.

Mr. Edgar Barton, of the bar of the Court of Appeals of New York, New York City, pro hac vice, by special leave of Court, with whom Mr. Dow H. Harter, Washington, D. C., was on the brief, for appellee in Nos. 13,070 and 13,071.

Mr. Hammond E. Chaffetz, Washington, D. C., with whom Messrs. Perry S. Patterson and Herbert J. Miller, Jr., Washington, D. C., were on the brief, for appellee in Nos. 13,108 and 13,109.

Mr. David L. Dickson, of the bar of the Supreme Court of Illinois, Chicago, Ill., pro hac vice, by special leave of Court, with whom Mr. Robert L. Wright, Washington, D. C., was on the brief, for appellee in Nos. 13,102 and 13,103.

Messrs. Arthur H. Dean, New York City, and H. Douglas Weaver, Washington, D. C., were on the brief for appellee in Nos. 13,072 and 13,073.

Messrs. Louis A. Gravelle and Thomas S. Markey, Washington, D. C., were on the brief for appellee in Nos. 13,076 and 13,077.

Mr. J. Strouse Campbell, Washington, D. C., was on the brief for appellees in Nos. 13,078 and 13,079.

Mr. Henry F. Butler, Washington, D. C., was on the brief and Mr. John Geyer Tausig entered an appearance for appellee in Nos. 13,080 and 13,081.

Mr. Charles Walker, Washington, D. C., was on the brief and Mr. Jackson Brodsky, Washington, D. C., entered an appearance for appellees in Nos. 13,082, 13,083, 13,084, 13,085, 13,086, 13,087, 13,088 and 13,089.

Mr. Folsom E. Drummond, Washington, D. C., was on the brief and Messrs. Harry A. Toulmin, Jr., and William H. Pavitt, Jr., Washington, D. C., entered appearances for appellees in Nos. 13,-090, 13,091, 13,106 and 13,107.

Mr. Narvin B. Weaver, Washington, D. C., was on the brief for appellee in Nos. 13,092 and 13,093.

Mr. John H. Pratt, Washington, D. C., was on the brief for appellee in Nos. 13,094 and 13,095.

Mr. Francis J. O'Hara, Jr., Washington, D. C., was on the brief for appellee in Nos. 13,096 and 13,097.

Messrs. William W. Beckett and James M. Desmond, Washington, D. C., were on the brief for appellee in Nos. 13,098 and 13,099.

Mr. Lawrence C. Moore, Washington, D. C., was on the brief for appellee in Nos. 13,100 and 13,101.

Mr. Raymond C. Cushwa, Washington, D. C., was on the brief and Messrs. Alfons B. Landa and James T. Welch, Washington, D. C., entered appearances for appellee in Nos. 13,104 and 13,105.

Before PRETTYMAN, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

In these actions, certain tire manufacturers and dealers asked the United States District Court for the District of Columbia to declare invalid and enjoin the enforcement of the Federal Trade Commission's Quantity-Limit Rule 203–1, which is as follows:

"The quantity limit as to replacement tires and tubes made of natural or synthetic rubber for use on motor vehicles as a class of commodity is twenty thousand (20,-000) pounds ordered at one time for delivery at one time."

The Commission promulgated the Rule purportedly pursuant to authority conferred upon it by § 2(a) of the Clayton Act, as amended by the Robinson-Patman Act.[1] This section provides that "the Federal Trade Commission may * * * fix and establish quantity limits * * * as to particular commodities or classes of commodities, where it finds that available purchasers in greater quantities are so few as to render differentials on account thereof unjustly discriminatory or promotive of monopoly in any line of commerce * * *."

The District Court dismissed the complaints for lack of jurisdiction and also for failure to state a claim upon which relief could be granted. On appeal we held to the contrary on both grounds, reversed the order of dismissal, and remanded the cases to the District Court.[2]

Then that court, after considering cross motions for summary judgment, granted the motion of the plaintiff manufacturers and dealers, holding that "the statutory finding expressly required by the Act of Congress as a basis for the order has not been made and that, therefore, the order should not stand."[3] The Federal Trade Commission and some of its members—Anderson, et al.—appeal.

■ It is clear from the language of § 2(a) that the Commission has no power to fix and establish quantity limits unless it first makes the finding required by the quantity-limit proviso thereof, quoted above. The primary question is, therefore, whether the District Court correctly held the requisite finding was not made. For if it was not, the matter is at an end, and we need not consider the contentions of appellees that they were denied procedural rights when the Rule was made and that the Rule itself, based not on factual findings but on unwarranted inference from the borrowed experience of the Interstate Commerce Commission, is arbitrary and capricious.

The Commission concedes that the three formal findings, upon which it said in the order of promulgation it was basing the Rule,[4] do not include a finding that available purchasers in quantities greater than a carload are so few as to render differentials on account thereof unjustly discriminatory or promotive of monopoly. Instead of dealing directly with that question of fact in its findings, the Commission seems to have been primarily concerned with the fewness of available purchasers in annual dollar volumes greater than $600,000.[5] Ob-

---

1. Act of Oct. 15, 1914, c. 323, § 2, 38 Stat. 730, Act of June 19, 1936, c. 592, § 1, 49 Stat. 1526, 15 U.S.C.A. § 13(a).

2. B. F. Goodrich Co. v. Federal Trade Comm., 1953, 93 U.S.App.D.C. 50, 208 F.2d 829.

3. B. F. Goodrich Co. v. Federal Trade Comm., D.C., 1955, 134 F.Supp. 39, 41.

4. The order, after reciting three formal findings, said:
   "It is *therefore* ordered, That the following rule * * * be, and it hereby

is, promulgated * * *." (Emphasis supplied.)

5. The first of the formal findings follows:
   "1. Available purchasers in the greater quantities of annual dollar volumes of six hundred thousand (600,000) dollars and more are so few as to render differentials on account thereof unjustly discriminatory against purchasers in smaller quantities and promotive of monopoly in the lines of commerce in which the sellers and purchasers, respectively, are engaged."

viously, a finding concerning that does support a rule fixing a quantity limit of one 20,000-pound carload.

The Commission argues that the vital finding, which it admits was not expressly made, sufficiently appears in what it termed a "Statement of Basis and Purpose," appended to the promulgating order, which is in the nature of an opinion concerning tire pricing practices. Assuming without deciding that the "Statement" can be construed as indicating a finding of the sort necessary to support the Rule, we hold it may not be used to supplement the formal findings in the manner suggested. It may be that, had the Commission not made any specific separate findings labeled as such, it could have supported the order by writing an opinion embodying the requisite finding of fact. But, when it made formal findings in separate numbered paragraphs and said it was basing its order upon them, the order must stand or fall on the basis of those findings alone.

Section 2(a) conditions its grant of authority upon the prior making of a simple finding. Though well aware of the statutory requirement, the Commission did not meet it in the formal findings on which the order was based. It chose to make a finding concerning the paucity of available purchasers in quantities greater than a certain annual dollar volume, and then fixed a quantity limit in terms of a carload. Even though the Commission's accompanying Statement may have indicated its belief that available buyers in quantities greater than a carload are so few as to give it authority under the quantity-limit proviso (which appellees seriously question), the Commission did not purport to base its order on that belief. We find no satisfactory explanation of its failure to do so. When a statute provides, as this one does, that a specified finding is a prerequisite to the exercise of power, and where formal findings are made which are said to be the basis of the power claimed, there is no justification for reliance on a later statement to support the exercise of the power.

Although Rule 52 of the Federal Rules of Civil Procedure * does not apply to administrative agencies, it furnishes a helpful analogy in the consideration of the present question. The Rule provides that in all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon; and that "If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein." With respect to this the following was said in Ohlinger v. United States, 9 Cir. 1955, 219 F.2d 310, 311:

"* * * Under the circumstances referred to in the rule, it is not necessary to file formal findings of fact and conclusions of law, but when the trial court *does make formal findings,* they alone serve as the court's findings of fact. In the words of the Supreme Court: 'We are not at liberty to refer to the opinion for the purpose of eking out, controlling, or modifying the scope of the findings.' [Stone v. United States, 164 U.S. 380, 17 S. Ct. 71, 41 L.Ed. 477.]" (Emphasis in the cited opinion.)

Being of the view that the reasoning of the Ohlinger [6] opinion is sound and should be applied to the agency action involved here, we need not discuss appellees' criticisms of the Rule itself and the method by which it was adopted.

Affirmed.

---

* 28 U.S.C.A.

6. Cf. 2 Barron and Holtzoff, Federal Practice and Procedure § 1128 (1950).