**J. D. HEDIN CONSTRUCTION COMPANY, Inc., Appellant,**

v.

**F. S. BOWEN ELECTRIC COMPANY, Inc., Appellee.**

No. 14971.

United States Court of Appeals District of Columbia Circuit.

Argued May 19, 1959.

Decided Oct. 8, 1959.

As Amended Jan. 11, 1960.

Petition for Rehearing Denied Jan. 11, 1960.

Mr. J. Roy Thompson, Jr., Washington, D. C., with whom Mr. Bernard J. Gallagher, Washington, D. C., was on the brief, for appellant.

Mr. Irwin Geiger, Washington, D. C., with whom Mr. Michael A. Schuchat, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and BASTIAN, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a suit for breach of contract. The Hedin Company was general contractor for the construction of a new school building in Maryland. Hedin executed a written agreement in standard form with the Bowen firm, whereby Bowen was named as electrical sub-contractor

for the project and agreed to do stated work for the total sum of $310,000. Some six weeks later, Hedin entered into an agreement for the same work with another firm (the A. G. Crunkleton Electric Co.), and notified Bowen that the contract had been "re-awarded." Bowen brought suit for breach of contract. The District Court, sitting without a jury, found for Bowen, and awarded damages.

On appeal, defendant-appellant Hedin urges chiefly that no enforceable contract with Bowen ever came into effect, saying that Bowen was never approved by the local Board of Education sponsoring the construction project, and that such approval was a prerequisite. The Bowen-Hedin contract does recognize that the Board—which was not a party to it—has "the right to accept or reject the use of any sub-contractor on the construction of the building." But the trial judge found as a fact, on the basis of fully adequate evidence, that the Board of Education "at no time rejected plaintiff but on the contrary expressed itself as fully satisfied with respect to plaintiff's ability to perform the contract and its financial responsibility." True, the record shows that the Board wanted the electrical work to go to Crunkleton, and that Hedin acted as it did in an effort to be obliging. Also, the Board later formally accepted Crunkleton at Hedin's request. But there is no showing that the Board then knew that Hedin had previously entered into a signed contract with Bowen, and we do not think the Board's action amounted to a rejection of Bowen in the contractual sense. Clearly Hedin cannot argue that the Board's unexercised right of rejection relieves Hedin from liability on the contract which it had theretofore executed with Bowen.[1] Hedin is bound.

We are constrained, however, to reverse the judgment, by reason of error in the computation of damages by the District Court. The court made an award in the following terms in its findings of fact:

"13. On the basis of all the testimony and exhibits herein, the profits plaintiff could have fairly and reasonably anticipated had defendant permitted it to continue to perform under the aforesaid contract are at least Thirty Thousand Dollars ($30,-000.00)."

In its conclusions of law the court said:

"4. Plaintiff has been damaged by defendant in the sum of Thirty Thousand Dollars ($30,000.00) and is entitled to judgment against defendant in that amount.

"Let judgment be entered accordingly."

At an earlier stage, the judge had reviewed with counsel for both parties the form and content of the draft findings and conclusions proposed by the plaintiff. When asked by defense counsel for an explanation of the amount awarded, the judge replied:

"The $30,000 was arrived at after a complete and thorough analysis of the testimony of the witness Phelps, in which I cut down his approximations. I did not believe that they were warranted. I think we arrived at $27,000, wasn't it, and then I merely added the $3,000 to make it an even number."

The action of the judge in adding $3,000 to the award "to make it an even number" was clearly improper. Litigants' funds are not to be dealt with so lightly. Further, the $27,000 figure does not appear to have any sound legal or evidentiary basis. The "witness Phelps," referred to by the judge, was an electrical contractor, offered as an expert by

---

1. Whether the Board's "right" of rejection was absolute and unqualified we need not now decide. Under the contract it might perhaps have required Bowen to file a financial statement ("questionnaire"), but it did not insist on this. As the trial judge found, it was satisfied with respect to Bowen's financial responsibility. Under the circumstances, Bowen's failure to file such a questionnaire did not operate to relieve Hedin from liability.

the defendant Hedin. Phelps testified that in his opinion the work would have cost $330,518, as against the contract price of $310,000, resulting in a loss of $20,518. How the court converted this into a profit of $27,000 is not clear. (Plaintiff claimed it would have made profits totaling $53,713—almost exactly twice the figure of $27,000 arrived at by the court.) The "approximations" to which Phelps testified were his estimates of the probable cost of necessary labor and materials, viewed as of the date of the contract. Whether or not these "approximations" were accurate is not, of course, our task to say. But it does not appear that the trial judge acted on the basis of the evidence offered by either party, or the governing principles of law, in cutting them down. Plaintiff's computation of $53,713 in lost profits was arrived at in the following manner: At the time of the bid, plaintiff estimated the probable profits which it would make at $19,537. At the trial, plaintiff added to this figure certain so-called "savings" of $38,776. These "savings" were largely, if not entirely, based on the fact that certain materials turned out to be obtainable on the market at lower prices during the year following the contract. From the total figure of $58,313 thus reached plaintiff deducted items totaling $4,600, covering mathematical errors and a subsequent wage rate increase. The net figure of $53,713 thus to a substantial degree reflected events which occurred after the contract was executed, and after its breach.

▓▓▓▓ In situations like the present, the innocent party is entitled to recover the loss of profit resulting from the breach of contract. The measure of the loss is the contract price less the costs which plaintiff would have incurred in completing his contract obligation. See, generally, M & R Contractors & Builders, Inc. v. Michael, 1958, 215 Md. 340, 138 A.2d 350. Such costs are to be estimated as nearly as may be according to "the circumstances that existed at the time of breach." See 5 Corbin, Contracts § 1094, at 426 (1951); Carras v. Birge, Tex.Civ.App.1948, 211 S.W.2d 998. Cf. Sternberg Dredging Co. v. Dawson, 1926, 171 Ark. 604, 285 S.W. 32. We are unable to say that the trial judge followed this principle in awarding damages to the plaintiff; in fact, the indications are that he did not.

Plaintiff-appellee urges that the judgment be sustained, arguing that a general verdict by a jury or by a judge sitting alone, awarding $30,000 to this plaintiff for the loss of a valuable contract, would have been within the bounds of reasonableness, and within the trier's prerogative of picking and choosing between bits of conflicting testimony. Be that as it may, it is not a sufficient answer. The jury must, after all, act only on proper instructions. The judge sitting as trier of the facts must act on a sound legal and evidentiary basis; if his statements and actions indicate that he did not do so, to the serious prejudice of an appellant, correction must follow.[2]

For these reasons, the judgment will be set aside and the case remanded for further proceedings not inconsistent with this opinion, which may include the taking of additional testimony, to re-assess the award of damages. We intimate no view on the remaining contentions of the parties.

So ordered.

---

2. We recognize that ordinarily the court's formal findings are controlling. See Stone v. United States, 1896, 164 U.S. 380, 17 S.Ct. 71, 41 L.Ed. 477; cf. Federal Trade Commission v. B. F. Goodrich Co., 1957, 100 U.S.App.D.C. 58, 63, 242 F.2d 31, 36. But where the record shows a prejudicial error of law by the court in reaching the finding, it may be set aside. See United States v. U. S. Gypsum Co., 1958, 333 U.S. 364, 394–395, 68 S.Ct. 525, 92 L.Ed. 746; In re Knetzer, 7 Cir., 229 F.2d 232, 237, reversed on other grounds sub nom. Jaffke v. Dunham, 1957, 352 U.S. 280, 77 S.Ct. 307, 1 L.Ed.2d 314. And compare Hatahley v. United States, 1956, 351 U.S. 173, 182, 76 S.Ct. 745, 100 L.Ed. 1065.